NUMBER 13-00-684-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ARTURO CHAVEZ HERNANDEZ, A/K/A 

ARTURO CHEVEZ HERNANDEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa, and

Kennedy(1)

Opinion by Justice Kennedy



 Originally, appellant pleaded guilty to possession of marijuana. 
Based upon a plea bargain, he was placed on community supervision
for ten years. Subsequently, the court revoked his community
supervision and sentenced him to ten years' confinement. Appellant
appealed his revocation and was released from confinement pending
appeal on a $25,000 appeal bond. The State instituted the action
which is the basis for this appeal alleging violation of one of the
conditions of his appeal bond, to-wit, unlawful use of marijuana.

 This is an accelerated appeal(2) from the order of the trial court
which revoked appellant's appeal bond. The evidence heard by the trial
court, upon which it based its decision to revoke the bond, was
laboratory results from several urinalysis tests which confirmed the
presence of marijuana in appellant's system. Appellant challenged the
test results at the hearing on the motion to revoke on the grounds that
the State failed to make a Rule 702(3)
 showing that the evidence is
trustworthy. He alleges that the trial court abused its discretion in
holding that the evidence supports a finding that appellant violated the
conditions of his bail.

 Rule 702 states:

 If scientific, technical, or other specialized knowledge will
assist the trier of fact to understand the evidence or to
determine a fact in issue, a witness qualified as an expert by
knowledge, skill, experience, training, or education may
testify thereto in the form of an opinion or otherwise.


The State's witness in this case testified to the results of tests on
several urine samples of appellant, each of which indicated the
presence of marijuana in the sample. The witness testified that he had
been trained to operate the machine used to run the test.(4)
 He further
testified that he did not know the principle or methodology of the
machine and did not know how to translate or analyze samples entered
into the machine. In answer to questions he further stated that he has
a resource for independent verification of the tests run, but that this
was not done with respect to the samples in this case. This person
was the only witness called by the state to testify to the presence of
marijuana in appellant's system.

 In support of his position, appellant cites two Texas cases. The
first of these is Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992),
which held:

 In other words, before novel scientific evidence may be
admitted under Rule 702, the proponent must persuade the
trial court, by clear and convincing evidence, that the
evidence is reliable and therefore relevant.


Kelly, 824 S.W.2d at 573.

 The second and later case, Stevens v. State, 900 S.W.2d 348 (Tex.
App. --Texarkana 1995, pet. ref'd), following remand, 951 S.W.2d 802
(Tex. App.--Texarkana 1997, no pet.) supports the holding in Kelly, by
holding:

 The evidence showed that the operator had been trained to
operate the machine by the manufacturer and that he
assumed that the machine, if operated properly, was able to
detect a controlled substance in a urine sample.

 

 Counsel complained about this testimony at the time it
was offered on the basis that a proper predicate had not
been laid for its admission. The officer admitted a complete
lack of knowledge about the principles upon which the
machine operated. Tex. R. Crim. Evid. 702 states that a
witness may testify about scientific, technical, or other
specialized matters if he is qualified as an expert by
knowledge, skill, experience, training, or education. The
witness did not qualify on any of these grounds. He
admitted in his testimony that he knew nothing more than
how to operate the machine, and he presented no evidence
to establish the reliability of the tests. Thus, the officer's
testimony concerning the test was improperly admitted.


Stevens, 900 S.W.2d at 352. This was substantially the testimony of
the State's only witness in the case before us. Stevens was affirmed,
however, by virtue of the fact that one of the samples tested was
independently tested by another witness who, after stating his
qualifications, was not challenged by appellant. In this connection, the
court held that evidence of one alleged violation of the terms of
probation was sufficient to support the ruling of the trial court, citing
Anderson v. State, 621 S.W.2d 805 (Tex. Crim. App. 1981) and other
authority.

 Based upon the authority hereinbefore cited, we hold that the trial
court in this case abused his discretion in revoking appellant's bail
bond. We reverse this decision of the trial court and order the bail bond
reinstated.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 8th day of March, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. Pursuant to Rule 31 of the Texas Rules of Appellate Procedure.
3. Tex. R. Evid., Rule 702 (Vernon Special Pamphlet 2000).

4. The "machine" is identified only as an "ADx."