**Kimberly Ann WEED, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 2-94-336-CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 10, 1995.

Neuville & Dewitt, P.C. and Mark B. Dewitt, Granbury, for appellant.

John D. Hughes, Asst. Dist. Atty., Granbury, for appellee.

Before LATTIMORE and DAY, JJ.

OPINION

LATTIMORE, Justice.

Appellant Kimberly Ann Weed was convicted of the offense of criminal simulation.[1]

---

1. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex.Gen.Laws 883, 935, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3644 (current version at Tex Penal Code Ann. § 32.22 (Vernon 1994)).

In one point of error, appellant contends the trial court erred after revoking her probation by imposing a jail term in excess of the six month sentence originally assessed and probated.

We reform the trial court's judgment, and affirm as reformed.

Appellant was charged under the Texas criminal simulation statute with knowingly and intentionally possessing an altered Texas Motor Vehicle Inspection Certificate with intent to defraud. Appellant entered a plea of guilty and received a six month probated sentence. After appellant tested positive for drug use[2] and failed to perform mandatory community service, the State filed a motion to revoke her probation. In response, the trial court modified and extended appellant's probation for a period of six months. After appellant violated another condition of her probation, the State filed a second motion to revoke. Following the revocation hearing, the trial court assessed punishment at twelve months confinement in the Hood County Jail, with credit for time served.[3]

In its original order, the trial court suspended appellant's sentencing and ordered her placed on six months community supervision. That same order included the following language:

> You are hereby advised that under the law of this state, the court shall determine the terms and conditions of your probation. The court also has the authority at any time during the period of your probation to revoke your probation for violation of any of the conditions set out above. *If your probation is revoked you could be confined in the Hood County Jail for a period of 6 months.* [Emphasis added.]

Appellant contends this order was binding, and the trial court exceeded its authority when it sentenced appellant to twelve months confinement upon revocation of her probation. We agree and hold the trial court abused its discretion and violated appellant's due process rights in assessing punishment in excess of six months.

"Probation" may be imposed in one of two ways. In the first instance, a trial court may, after a conviction or a plea of guilty or nolo contendere, suspend the imposition of the sentence, place the defendant on community supervision, and impose a fine applicable to the offense. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3(a) (Vernon Supp.1994) ("traditional probation"). Alternatively, a trial court may defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1994) ("deferred adjudication"). This later option is available at the trial court's discretion when "the best interest of society and the defendant will be served," subject to the trial court receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt. *Id.; Reed v. State,* 644 S.W.2d 479, 483 (Tex.Crim.App.1983). Here, the record shows that appellant pled guilty and was sentenced to six months' confinement in the county jail. In other words, appellant was "convicted" of the offense charged. *See McNew v. State,* 608 S.W.2d 166, 174 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g). Thereafter, the trial court suspended appellant's sentence and placed her on six months' community supervision. The first time appellant violated the terms of her probation, the trial court acted within its authority and extended the period of community supervision for an additional six months. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 22(a), (c) (Vernon Supp.1994). Later, upon motion by the State, the trial court also acted within its discretion in revoking appellant's community supervision when she continued to disobey the trial court's order. *See id.* at § 23. However, once community supervision was revoked, the trial court breached the limits of its authority by imposing a term of confinement greater than the six month sentence originally assessed.

■ Probation revocation is governed by article 42.12, § 23 of the Texas Code of Criminal Procedure which reads as follows:

---

2. On two occasions during her probation, appellant tested positive for cannabinol use (commonly known as marijuana).

3. Appellant served thirty days in jail for marijuana use resulting in the first violation of her probation.

If community supervision is revoked after a hearing under Section 21 of this article, the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted....

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23(a) (Vernon Supp.1994). Probation revocation proceedings are not criminal trials in the constitutional sense; rather, they are administrative in nature. *Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Crim.App.1978); *Martinez v. State*, 635 S.W.2d 762, 766 (Tex. App.—Corpus Christi 1982, no pet.). Consequently, the only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim.App. [Panel Op.] 1980); *Lloyd v. State*, 574 S.W.2d 159, 160 (Tex.Crim.App. [Panel Op.] 1978). After reviewing article 42.12, we find the trial court abused its discretion by imposing a greater sentence than originally assessed.

∎ The critical language from article 42.12, § 23 reads "[i]f community supervision is revoked ... the judge may proceed to dispose of the case as if there had been no community supervision." TEX.CODE CRIM. PROC.ANN. art. 42.12, § 23(a) (Vernon Supp. 1994). While that same statute explicitly authorizes a trial court to reduce a defendant's sentence upon revocation of community supervision if the interests of the community and the defendant would be properly served, *see id.*, the language quoted above is at best ambiguous concerning a trial court's authority to impose a greater sentence than originally assessed. After thoroughly reviewing the statutory language, we interpret article 42.12, § 23(a) to require that when a trial court assesses criminal punishment, probates the sentence, then revokes that proba-

tion, the court may impose no greater punishment than was originally assessed. A probationer must be afforded minimum due process rights in a revocation hearing.[4] *See Ruedas v. State*, 586 S.W.2d 520 (Tex.Crim. App. [Panel Op.] 1979). Our interpretation of article 42.12 gives full play to those due process rights, and prevents a trial court from essentially re-adjudicating guilt in the absence of a formal proceeding. *See Ex parte Balderas*, 804 S.W.2d 261, 263–64 (Tex. App.—Houston [1st Dist.] 1991, no writ) (trial court violated relator's due process to assess punishment for contempt, probate the punishment in part, and thereafter revoke the probation, then impose a greater sentence than originally assessed).

By implication, the State argues that once community supervision is revoked, article 42.12, § 23 gives a trial court authority to increase the punishment originally assessed when the defendant was first convicted. According to this rationale, the trial court should be able to consider the full range of punishment in the revocation hearing, and should not be confined to the punishment originally assessed. While that option is available when a trial court revokes a defendant's deferred adjudication probation, the same is not true for traditional probation. *See Price v. State*, 866 S.W.2d 606 (Tex.Crim. App.1993) and *McNew*, 608 S.W.2d at 174. However, even with deferred adjudication probation, the trial court does not literally increase a defendant's punishment. Because the adjudication of guilt and punishment are "deferred," there is no true punishment set for the trial court to increase. Instead, what is often considered an increase in punishment is actually an assessment of confinement in excess of the original term of probation. For this reason, cases cited by the State addressing revocation of deferred adjudication do not control appellant's case.

∎ A fundamental distinction between traditional and deferred adjudication probation is that the later does not involve a "conviction." *See Olowosuko v. State*, 826

---

4. Commonly recognized due process rights for probationers include: (1) written notice of the alleged violations; (2) disclosure to probationer of evidence against him; (3) opportunity to be heard in person and to present evidence; (4) the right of confrontation and cross-examination; (5) a neutral and detached judge; (6) a written statement by the judge as to the evidence relied on and reasons for revoking probation; and (7) right to counsel.

S.W.2d 940 (Tex.Crim.App.1992). Because deferred adjudication involves neither an adjudication of guilt nor assessment of punishment, the trial court must pursue prosecution of guilt/innocence following revocation of community supervision. In that instance, article 42.12 provides "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, ... continue as if the adjudication of guilt had not been deferred." TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1994). Having previously deferred sentencing the defendant, the trial court is therefore free to consider the full range of offense-appropriate punishment, and is not confined to a prior order, as in this case with traditional probation. To allow the same flexibility with traditional probation would essentially vary the trial court's statutory authority under article 42.12, § 23 and violate the defendant's due process rights.

 Accordingly, we reform the judgment of the trial court to reflect the punishment originally imposed: confinement in the Hood County Jail for a period of six months, with credit for time served.

As reformed, the judgment of the trial court is affirmed.

WEAVER, J. (not participating).