**Demery STEVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00107–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 12, 1997.

Decided Aug. 13, 1997. ·

Kirk Johnson, Wyrick & Johnson, Texarkana, AR, for appellant.

Alwin A. Smith, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Demery Stevens appeals the revocation of his community supervision. He contends that the trial court erred in allowing testimony about a positive urinalysis test result and in refusing to permit Stevens to introduce evidence of racial discrimination and selective prosecution. We affirm the judgment.

On June 4, 1990, Stevens pleaded guilty to possession of a controlled substance. He was convicted and sentenced to ten years' imprisonment, probated. On September 8, 1993 the State filed a motion to revoke, alleging that Stevens violated the conditions of his supervision by possessing a controlled substance and by testing positive for cocaine on three occasions. After a hearing on the motion to revoke, the trial court granted the motion and sentenced Stevens to ten years' confinement.

Stevens appealed to this court. *See Stevens v. State,* 900 S.W.2d 348 (Tex.App.—Texarkana 1995, pet. ref'd). We reformed the trial court's judgment by deleting the finding that Stevens had possessed a controlled substance. As reformed, we affirmed the revocation on the basis that the State proved the violation of one condition of supervision, but we remanded the cause for a new evidentiary hearing on punishment. *Stevens v. State,* 900 S.W.2d at 350.

On October 10, 1996, a second hearing was held. Although it was not required, the trial court reheard the evidence on the question of revocation as well as the issue of punishment. The trial court again held that Stevens had violated the terms of his supervision and sentenced him to eight years' confinement.

■ Stevens first asserts that the trial court erred in allowing testimony about his prior urinalysis in his second probation revo-

cation hearing because we held in *Stevens v. State* that the urinalysis results were inadmissible. He contends that the court's action violates the "law of the case." [1] We disagree.

First, we did not reverse the judgment of revocation, but affirmed it. Second, we did not hold that the results of the four urinalysis samples were inadmissible. All four samples tested positive for cocaine. *Stevens v. State*, 900 S.W.2d at 351. Three samples were destroyed by the State prior to Stevens' revocation hearing. *Id.* The positive test results from all four samples, however, were admitted into evidence. *Id.*

We were critical of the State's destruction of the evidence, *Stevens v. State*, 900 S.W.2d at 351–52, but we rejected Stevens' assertion of error because he failed to show that the State acted in bad faith when it destroyed the samples, and he failed to show that the lost evidence was material and favorable to his case. *Id.* at 351–52; *see also Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281, 289 (1988); *Hebert v. State*, 836 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim.App. [Panel Op.] 1979).

The August 9, 1993 sample was not destroyed. The State, however, introduced only the test result, and not the sample, into evidence at the revocation hearing. *Stevens v. State*, 900 S.W.2d at 352. Stevens did not object. We concluded that the August 9, 1993 test result constituted probative evidence of a violation of a term of his probation and that proof of a single violation was sufficient to support the revocation of his probation. *Id.* We did not hold that the positive test result from the August 9, 1993 sample was inadmissible.

■ The remainder of Stevens' complaints argue error relating to evidentiary matters on the issue of revocation at the hearing on remand. That hearing was unauthorized and was surplusage. We affirmed the initial revocation order and remanded for a hearing on

punishment only. For that reason, Stevens' points of error on this appeal concerning the evidence at the second hearing present nothing for review.

For the reasons stated, we affirm the judgment.

---

1. "Law of the case" refers to the principle that if an appellate court has decided a legal question and remanded the cause to the court below for further proceedings, the legal question decided by the appellate court is binding on both the trial court on remand and an appellate court on a subsequent appeal given the same case and substantially the same facts. BLACK'S LAW· DICTIONARY 613 (6th ed.1990); *see, e.g., Ex parte Granger*, 850 S.W.2d 513, 516 (Tex.Crim.App.1993).