In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-041 CR


____________________



MATTHEW SHANE KIMBALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85339






OPINION


 Matthew Shane Kimball appeals from a conviction for burglary of a habitation and
an order revoking his community supervision. By two issues, Kimball complains that the
trial court erred when it sentenced him to fifteen years imprisonment and contends that he
is entitled to a new hearing on punishment. We reform the trial court's judgment, and
affirm as reformed.

 On January 11, 2002, Kimball entered a negotiated plea of guilty to an indictment
for burglary of a habitation. (1) On March 18, 2002, the trial court convicted Kimball,
pronounced a sentence of ten years of confinement in the Texas Department of Criminal
Justice, Institutional Division, and a $1,000 fine. Imposition of the sentence of
confinement was suspended, and Kimball was placed on community supervision for eight
years. (2) On November 22, 2002, the State filed a motion to revoke community supervision
that alleged Kimball had committed a criminal offense while on community supervision. 
In a hearing conducted on November 25, 2002, Kimball pleaded "true" to one of the
allegations in the State's motion and the trial court ordered an updated presentence
investigation report. (3) Before accepting the plea, the trial court admonished Kimball that
the plea "gives the Court the authority to revoke your probation and I can sentence you to
ten years in the penitentiary." On December 16, 2002, the trial court heard argument
from both parties, then made the following pronouncement: 

 THE COURT: The Court, having found Count 1 to be true, the
probation received by this defendant on March 18, 2002, is hereby revoked.


 The Court finds the defendant guilty of the offense of burglary of a
habitation and assesses his punishment at confinement in the penitentiary for
a term of 15 years.


 The defendant is hereby sentenced to 15 years in the penitentiary. He
will be given credit for all previous jail time served.


 Kimball did not object during the hearing, nor did he file a motion for new trial or
present the issue to the trial court in some other manner. Thus, the issue is presented to
this Court as unpreserved error. Complaint and ruling at the trial court level are
prerequisites for appellate review. Tex. R. App. P. 33.1. Because this is a "regular
probation" case, the appellant's punishment was assessed and the sentence was pronounced
on March 18, 2002. Only the imposition of the sentence of confinement was suspended
while Kimball was under community supervision. Tex. Code Crim. Proc. Ann. art.
42.12, § 3 (Vernon Supp. 2003)("A judge, . . . after conviction . . . may suspend the
imposition of the sentence and . . . impose a fine applicable to the offense and place the
defendant on community supervision"). A community supervision revocation hearing is
neither a criminal nor a civil trial, but rather an administrative hearing. Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21 (Vernon Supp. 2003)("[a]fter a hearing without a jury, [the court] may either
continue, extend, modify, or revoke the community supervision."). The trial court is not
authorized by law to assess a new sentence. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 23 (Vernon Supp. 2003). (4) Therefore, Kimball received a sentence of ten years of
confinement, and no subsequent act of the trial court effectively altered that sentence. Its
authority to sentence Kimball to more than ten years of confinement ended with the oral
pronouncement of sentence on March 18, 2002. See Ex Parte Madding, 70 S.W.3d 131,
136 (Tex. Crim. App. 2002)("A defendant has a due process 'legitimate expectation' that
the sentence he heard orally pronounced in the courtroom is the same sentence that he will
be required to serve."). We hold that the appellant did not waive error by failing to raise
the issue in the trial court. 

 In his first issue, Kimball argues, and the State concedes, that the trial court erred
in pronouncing a fifteen-year sentence after the ten-year sentence had been assessed and
pronounced, and its imposition had been duly suspended by a community supervision
order. We agree. Once community supervision was revoked, the trial court exceeded its
authority by imposing a term of confinement greater than the sentence originally assessed. 
Weed v. State, 891 S.W.2d 22, 23-24 (Tex. App.--Fort Worth 1995, no pet.). Issue one
is sustained.

 In his second issue, Kimball contends that the proper disposition of the appeal is to
remand to the trial court for a "new 'sentencing hearing.'" The State concedes this point,
as well. That was the holding of Stevens v. State, 900 S.W.2d 348 (Tex. App.--Texarkana
1995, pet. ref'd). In Stevens, the court reformed the judgment by deleting some but not
all of the findings regarding violation of the probation order. Id. at 352. The court then
found that the trial court's ruling on the motion to revoke reflected a lack of understanding
of its ability to consider mitigating evidence and its power to then impose sentence for
either the original or a shorter term at the revocation hearing. The court ruled as follows,
"[t]he cause is reversed and remanded for a hearing, after which the court may impose an
appropriate sentence." Id. at 350. On remand, the trial court conducted the entire
revocation proceeding anew. Stevens v. State, 951 S.W.2d 802 (Tex. App.--Texarkana
1997, no pet.). On subsequent appeal, the appellate court refused to consider issues
relating to revocation because the trial court had exceeded the scope of the remand. Id.
at 803. 

 Stevens is precedent for the limited remand suggested by the parties. However, we
decline to adopt this approach because it is not statutorily authorized. The Code of
Criminal Procedure permits a remand limited to the punishment stage of a trial. See Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2003)("If the court of appeals
. . . awards a new trial to a defendant . . . only on the basis of an error or errors made in
the punishment stage of the trial, the cause shall stand as it would have stood in case the
new trial had been granted by the court below, except that the court shall commence the
new trial as if a finding of guilt had been returned and proceed to the punishment stage of
the trial under Subsection (b), Section 2, Article 37.07, of this code."). Unlike
conventional criminal trials, revocation proceedings are not bifurcated into discrete
guilt/innocence and punishment phases. If we reverse the revocation order, a remand
would necessarily encompass the entire revocation proceeding. (5) We find the case cited by
the appellant as authority for a limited remand, Levy v. State, 818 S.W.2d 801 (Tex. Crim.
App. 1991), to be distinguishable. In Levy, the original sentence of probation was
successfully challenged on appeal from the revocation order. Id. at 802. The Court
remanded for a new punishment hearing because the defendant had never been probation
eligible. Kimball, on the other hand, is not asserting that error in the punishment stage of
his trial affected the administrative stage of this prosecution. (6) The case cited by the State
is also inapposite. Rent v. State, 982 S.W.2d 382 (Tex. Crim. App. 1998), concerns an
appeal of a conviction following a trial, rather than an appeal from a revocation order
following an Article 42.12, § 21 hearing. 

 The relief appropriate in this case is that found in the case relied upon by the
appellant to support his claim of error. In Weed, the trial court erred by imposing upon
revocation a jail term in excess of the six month sentence originally assessed and probated. 
Weed v. State, 891 S.W.2d at 24. The court reformed the judgment to reflect the
punishment originally imposed. Id. at 25. This case is indistinguishable from Weed, and
we adopt the rationale of that opinion. 

 The appellate record contains sufficient information for this Court to reform the
judgment. The punishment assessed was ten years of incarceration and a $1,000 fine. The
$1,000 fine imposed in March 2002, was never probated and should have been included
in the judgment revoking community supervision. Coffey v. State, 979 S.W.2d 326, 328-29 (Tex. Crim. App. 1998); Davis v. State, 977 S.W.2d 859, 860-61 (Tex. App.--Dallas
1998, no pet.). The trial court did not exercise its discretion to reduce the sentence upon
revocation. See Guzman v. State, 923 S.W.2d 792, 799 (Tex. App.--Corpus Christi 1996,
no pet.). Because the community supervision order was revoked and the sentence was not
reduced, we reform the judgment to impose the sentence originally assessed by the trial
court. Issue two is overruled.

 Accordingly, we reform the judgment of the trial court to reflect the punishment
originally imposed: confinement in the Texas Department of Criminal Justice, Institutional
Division, for a term of ten years, with credit for time served, and a $1,000 fine. As
reformed, the judgment of the trial court is affirmed.

 AFFIRMED AS REFORMED.


 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on October 6, 2003

Opinion Delivered October 15, 2003

Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION


 I concur there is error, but dissent to the affirmance and reformation. (7) The majority
makes a giant leap when they conclude the record contains sufficient information for this
Court to reform the judgment. The record reflects: (1) the original sentence was ten years
and a fine of $1000, (8) and he was placed on "regular" community supervision for eight
years, (2) Kimball pleaded "true" to the motion to revoke community supervision, and (3)
the trial court sentenced Kimball to fifteen years' confinement. There is nothing in the
record to determine why the judge assessed fifteen years' confinement. (9)

 The majority assumes the judge intended to impose the original sentence, the
maximum available. I disagree. My experience tells me trial judges rarely impose the
maximum sentence when a plea of "true" is made. (10) The jailhouse communication system
would soon get the word out - "there is nothing to be gained by pleading 'true.'" As the
majority has made an assumption, I can make one that is just as plausible. (11) It is
conceivable the trial judge mistakenly thought Kimball was on "unadjudicated community
supervision" and subject to the entire range of punishment. (12) If this conclusion is correct,
then the trial judge intended to give Kimball a twenty-five percent reduction against the
maximum. (13) Therefore, if reformation were possible, perhaps this court should give
Kimball the same twenty-five percent reduction and reform the punishment to seven and
one-half years.

 The point is neither the majority nor I can say why the trial judge did what he did;
all we can say is it was incorrect. Consequently, we should remand for a new hearing. (14) 
Because the majority does not, I respectfully dissent.




 DON BURGESS

 Justice


Dissent Delivered

October 15, 2003

Publish
1. Kimball also pleaded "true" to a motion to adjudicate guilt in an unrelated case. 
2. The trial court also sentenced Kimball to a ten-month term of confinement on his
other case.
3. The record reflects that Kimball stole several checks from his grandfather, forged
the payor's signature, and passed the checks to third parties. 
4. Article 42.12, § 23 (a) does authorize the trial court to reduce the sentence. The
trial court did not exercise that authority in this case. No error was preserved in the trial
court on the issue of sentence reduction, and the appellant does not argue that distinct
issue. 
5. It does not necessarily follow that the trial court would be required to permit
Kimball to withdraw his previously accepted plea of "true." We will not comment on the
appropriate procedure on remand, as any discussion of that issue would be dicta. 
6. We are not suggesting that an issue could have been raised. The punishment stage
of the prosecution of Kimball concluded in March 2002, without an appeal, and error
relating to that proceeding may not be raised at this juncture. See Serna v. State, 986
S.W.2d 693, 696 (Tex. App.--Amarillo 1998, no pet.). 
7. As noted by the majority, the State conceded error and suggested a remand for a
new "sentencing" hearing. 
8. The range of punishment was two to twenty.
9. This was an extremely experienced trial judge.
10. I have prosecuted (1972 - 1974), defended (1975 -1978), and presided (1978 -
1984) over numerous revocation proceedings.
11. Kimball's attorney describes this as an "obvious conclusion".
12. The court, at the sentencing hearing stated: "The Court finds the defendant guilty.
. .." This is language consistent with an adjudication of guilt rather than a revocation of
community supervision.
13. Fifteen years as opposed to twenty.
14. For judicial economy, I believe we should adopt the partial remand rationale of
Stevens v. State, 951 S.W.2d 802 (Tex. App.--Texarkana 1997, no pet.), but I have no real
quarrel with the majority's refusal to do so.