NO.
12-09-00325-CR

      

                         IN
THE COURT OF APPEALS         

 

            TWELFTH COURT OF APPEALS
DISTRICT

 

                                      TYLER,
TEXAS

PRESTON SHANE
WARREN,                        '                 APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS







                                                      MEMORANDUM
OPINION

            Preston Shane Warren
appeals his conviction for unauthorized use of a motor vehicle, for which he
was sentenced to imprisonment for seven years.  In one issue, Appellant argues
that the sentence imposed is void.  We reverse and remand for a new sentencing
hearing. 

 

Background

            Appellant was charged
with the offense of unauthorized use of a motor vehicle, enhanced to a third
degree felony because, the indictment alleged, Appellant had two prior state
jail felony convictions.[1]  Appellant pleaded guilty as
charged and pleaded true to the enhancement paragraphs.  

The trial
court accepted Appellant’s plea pursuant to a procedure it called a “timely
pass for plea.”[2]  According to the documents
filed in this case, the timely pass for plea procedure required Appellant to plead
guilty and both Appellant and the State to waive their right to a trial by
jury.  Following the guilty plea, the trial court would propose a sentence, which
Appellant could accept or reject.  If he rejected the decision, he had the
option of having a jury assess his punishment.

The trial
court proposed that Appellant be assessed a ten year sentence, suspended for a
period of four years, and a fine of $10,000.  In doing so, the trial court stated
that it found Appellant guilty, found the “enhancement paragraphs” to be true,
and imposed conditions of community supervision.  The judge then asked Appellant
if he accepted the sentence or wished to have a jury trial.  Appellant accepted
the sentence, and the trial court “formally pronounce[d] the sentence.”  In
that pronouncement, the trial court found him guilty as charged, found an “enhancement
paragraph” to be true, assessed punishment at “two years in the penitentiary” and
a fine of $10,000, and suspended the prison term and the fine for an
unspecified period of time.  The trial court followed this pronouncement by
saying, “Sentence is formally pronounced.”

These two
pronouncements differ in terms of the length of the sentence and whether one or
two enhancement paragraphs are true.  Unlike the proposed sentence, the
formally pronounced sentence does not include the length of time the sentence
is to be suspended.  The written judgment contains yet a third rendition of the
sentence.  In that version of the sentence, Appellant was found guilty of
unauthorized use of a vehicle, a third degree felony.  The sentence was
imprisonment for ten years, suspended for four years, and the fine was $5,000
but was not suspended.  As to the enhancements, the written judgment indicated
that Appellant pleaded true to the “1st enhancement paragraph” and that
there was no plea on the “2nd enhancement/Habitual paragraph.”  The
judgment recorded as “none” the trial court’s findings on both the “1st
Enhancement paragraph” and the “2nd Enhancement/Habitual paragraph.”
 

The
written judgment was signed in November 2008.  In February 2009, the State
filed an application to revoke Appellant’s community supervision.  The trial
court held a hearing on the State’s motion.  Appellant pleaded true to the
alleged violations of the terms of his community supervision, and the trial
court sentenced him to imprisonment for seven years.  This appeal followed.

After the
appellate briefs were filed, this court requested additional briefing from the
parties.[3]  In Appellant’s additional
briefing, he asserts that the seven year sentence assessed after he admitted he
had violated the terms of his community supervision was void because the trial
court had initially assessed only a two year sentence for a state jail felony. 
The State did not file additional briefing.

 

Void Judgment

            Appellant argues that the
trial court’s judgment finding him guilty of a third degree felony and
assessing a sentence of imprisonment for seven years is void.  He asserts that
the trial court did not find the enhancement paragraphs to be true and assessed
only a two year sentence for a state jail felony at the original sentencing
hearing.  Accordingly, he argues that the seven year sentence exceeds both the
initial suspended sentence and the statutory maximum punishment allowed for a
state jail felony.  The State counters that the trial court’s oral pronouncement
of the sentence controls over the written judgment, and that the oral
pronouncement in this case included a finding that the enhancement paragraphs
were true.  The State chose not to respond to Appellant’s argument that the sentence
assessed by the trial court at the original hearing was for two years in a
state jail.   

Applicable Law

Appellant
was charged by indictment with unauthorized use of a vehicle, which is a state
jail felony.  Tex. Penal Code Ann.
§ 31.07(b) (Vernon 2003).  The maximum penalty for a state jail felony is two
years in a state jail.  Id. § 12.35(a).  However, the indictment
also alleged that Appellant had two prior convictions for state jail felony
offenses.  If found to be true, this enhancement would elevate the sentencing
range to that of a third degree felony.  See id. § 12.42(a)(1)
(Vernon Supp. 2009).  A third degree felony carries a penalty range of between
two and ten years of imprisonment.  Tex.
Penal Code Ann. § 12.34(a) (Vernon Supp. 2009).

Analysis

The State
concedes that the written judgment does not contain a finding that the two enhancement
paragraphs are true.  However, it responds to Appellant’s argument by pointing
out that the oral pronouncement of sentence controls where there is a variance
between it and the written judgment.  See Thompson v. State, 108
S.W.3d 287, 290 (Tex. Crim. App. 2003) (citing Ex parte Madding,
70 S.W.3d 131, 135 (Tex. Crim. App. 2002); Coffey v. State, 979
S.W.2d 326, 328 (Tex. Crim. App. 1998)).  The State argues that the trial court
found both enhancement paragraphs to be true.  However, the State cites the
wrong rendition of the sentence.  Although it cites the page number in the
record where the trial court “formally pronounced” the sentence, the State
reproduces, in a block quote, the sentence the trial court proposed as part of
the timely pass for plea procedure.  In the recitation of the proposed
sentence, the trial court stated that it found both enhancements to be true. 

But the
trial court did not find both enhancements to be true when it formally
pronounced sentence.  After Appellant accepted the trial court’s offer, the
trial court stated that it would formally assess sentence, assessed a two year
term, found the “enhancement paragraph” to be true, and then announced that it
had formally pronounced the sentence.  The State does not suggest any reason
that this is not the sentence that was actually assessed.

We
recognize that a trial court may, on the day it assesses a sentence, change the
sentence that it has imposed.  See State v. Aguilera, 165
S.W.3d 695, 698–99 (Tex. Crim. App. 2005).  That is not what happened in this
case.  Instead, the trial court offered a preview of the punishment.  After it
was accepted, the court “formally pronounce[d]” the sentence.  Even if the
recitation of the proposed sentence could be understood to be a pronouncement
of sentence, the later formal pronouncement would be a modification of the
sentence that the trial court had the authority to make pursuant to Aguilera. 


A trial
court need not make a finding on the enhancements in the presence of the
defendant, and it may simply do so in the judgment.  See Garner v. State,
858 S.W.2d 656, 660 (Tex. App.–Fort Worth 1993, pet. ref’d).  Also, at least two
of the judges on the court of criminal appeals would allow a trial court to
restate the sentence when the judge misspeaks.  See Aguilera, 165
S.W.3d at 699 (Cochran, J., concurring).  But in this case, other than in the
preview of the sentence, the trial court never made a written or oral finding
that both enhancement paragraphs were true, and never formally, and in
Appellant’s presence, sentenced Appellant to imprisonment for ten years.  See
Tex. Code Crim. Proc. Ann. art.
42.03, §1(a) (Vernon Supp. 2009) (sentence must be pronounced in defendant’s
presence in a felony case,).  

Because,
as the State points out, the oral pronouncement of sentence controls over the written
judgment, the two year suspended sentence the trial court orally pronounced is
the sentence in this case.  See Coffey, 979 S.W.2d at 328. 
In addition, because neither the trial court’s formal pronouncement of sentence
nor the written judgment contains a finding that the two enhancement paragraphs
are true, the offense is a unenhanced state jail felony.   

Between
the time of Appellant’s conviction and the revocation of his suspended
sentence, a different judge assumed the 114th District Court bench.  The new
trial court judge did not know that a two year sentence had been assessed
because she had only the written judgment to rely upon, which recited that
Appellant had received a ten year sentence for a third degree felony.  After
hearing the evidence at the revocation hearing, the trial court assessed a
seven year sentence.  A seven year sentence is greater than the two year
sentence that was actually imposed and suspended and is greater than the
maximum sentence available for an unenhanced unauthorized use of a vehicle, a
state jail felony offense.  

Upon
revocation of community supervision, a trial court may impose the suspended
sentence or may impose a lesser sentence.  See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp.
2009).  However, a trial court is without authority to impose a greater sentence. 
Kimball v. State, 119 S.W.3d 463, 465 (Tex. App.—Beaumont 2003, no pet.) (when community supervision
is revoked, trial court exceeds authority by imposing term of confinement greater
than sentence originally assessed).  When this occurs, the error is not waived
when the issue is not raised in the trial court.  Id.

Essentially,
Appellant is in the position of a person who pleads guilty, or is found guilty,
and is assessed a punishment not authorized by law.  See Levy v. State,
818 S.W.2d 801, 803 (Tex. Crim. App. 1991).  A sentence not authorized by law
is void.  See id. at 802; Kimball, 119 S.W.3d at
465.  Therefore, we sustain Appellant’s first issue.

 

Disposition

Having
sustained Appellant’s sole issue, we reverse and remand
for a new sentencing hearing.  See Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2009).

 

 

 

                                                                                    Brian Hoyle

                                                                                          
Justice

 

 

 

Opinion delivered September 1,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 









[1]
 See Tex. Penal
Code Ann. § 12.42(a)(1) (Vernon Supp. 2009).  

 





[2]
See, e.g., Bowie v. State, 135 S.W.3d 55, 57 (Tex.
Crim. App. 2004) (earlier iteration of the pass for plea procedure.).





[3]
The court requested additional briefing regarding (1) pronouncement of sentence
by the trial court, (2) the sentence imposed by the trial court, and (3) the
appropriate appellate remedy in this case.