# NO. 12-09-00325-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PRESTON SHANE WARREN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Preston Shane Warren appeals his conviction for unauthorized use of a motor vehicle, for which he was sentenced to imprisonment for seven years. In one issue, Appellant argues that the sentence imposed is void. We reverse and remand for a new sentencing hearing.

## BACKGROUND

Appellant was charged with the offense of unauthorized use of a motor vehicle, enhanced to a third degree felony because, the indictment alleged, Appellant had two prior state jail felony convictions.[1] Appellant pleaded guilty as charged and pleaded true to the enhancement paragraphs.

The trial court accepted Appellant's plea pursuant to a procedure it called a "timely pass for plea."[2] According to the documents filed in this case, the timely pass for plea procedure

---

[1] *See* TEX. PENAL CODE ANN. § 12.42(a)(1) (Vernon Supp. 2009).

[2] *See*, *e.g.*, **Bowie v. State**, 135 S.W.3d 55, 57 (Tex. Crim. App. 2004) (earlier iteration of the pass for plea procedure.).

required Appellant to plead guilty and both Appellant and the State to waive their right to a trial by jury. Following the guilty plea, the trial court would propose a sentence, which Appellant could accept or reject. If he rejected the decision, he had the option of having a jury assess his punishment.

The trial court proposed that Appellant be assessed a ten year sentence, suspended for a period of four years, and a fine of $10,000. In doing so, the trial court stated that it found Appellant guilty, found the "enhancement paragraphs" to be true, and imposed conditions of community supervision. The judge then asked Appellant if he accepted the sentence or wished to have a jury trial. Appellant accepted the sentence, and the trial court "formally pronounce[d] the sentence." In that pronouncement, the trial court found him guilty as charged, found an "enhancement paragraph" to be true, assessed punishment at "two years in the penitentiary" and a fine of $10,000, and suspended the prison term and the fine for an unspecified period of time. The trial court followed this pronouncement by saying, "Sentence is formally pronounced."

These two pronouncements differ in terms of the length of the sentence and whether one or two enhancement paragraphs are true. Unlike the proposed sentence, the formally pronounced sentence does not include the length of time the sentence is to be suspended. The written judgment contains yet a third rendition of the sentence. In that version of the sentence, Appellant was found guilty of unauthorized use of a vehicle, a third degree felony. The sentence was imprisonment for ten years, suspended for four years, and the fine was $5,000 but was not suspended. As to the enhancements, the written judgment indicated that Appellant pleaded true to the "1st enhancement paragraph" and that there was no plea on the "2nd enhancement/Habitual paragraph." The judgment recorded as "none" the trial court's findings on both the "1st Enhancement paragraph" and the "2nd Enhancement/Habitual paragraph."

The written judgment was signed in November 2008. In February 2009, the State filed an application to revoke Appellant's community supervision. The trial court held a hearing on the State's motion. Appellant pleaded true to the alleged violations of the terms of his community supervision, and the trial court sentenced him to imprisonment for seven years. This appeal followed.

After the appellate briefs were filed, this court requested additional briefing from the

parties.[3]  In Appellant's additional briefing, he asserts that the seven year sentence assessed after he admitted he had violated the terms of his community supervision was void because the trial court had initially assessed only a two year sentence for a state jail felony.  The State did not file additional briefing.

## VOID JUDGMENT

Appellant argues that the trial court's judgment finding him guilty of a third degree felony and assessing a sentence of imprisonment for seven years is void.  He asserts that the trial court did not find the enhancement paragraphs to be true and assessed only a two year sentence for a state jail felony at the original sentencing hearing.  Accordingly, he argues that the seven year sentence exceeds both the initial suspended sentence and the statutory maximum punishment allowed for a state jail felony.  The State counters that the trial court's oral pronouncement of the sentence controls over the written judgment, and that the oral pronouncement in this case included a finding that the enhancement paragraphs were true.  The State chose not to respond to Appellant's argument that the sentence assessed by the trial court at the original hearing was for two years in a state jail.

### Applicable Law

Appellant was charged by indictment with unauthorized use of a vehicle, which is a state jail felony.  TEX. PENAL CODE ANN. § 31.07(b) (Vernon 2003).  The maximum penalty for a state jail felony is two years in a state jail. *Id*. § 12.35(a).  However, the indictment also alleged that Appellant had two prior convictions for state jail felony offenses.  If found to be true, this enhancement would elevate the sentencing range to that of a third degree felony.  *See id*. § 12.42(a)(1) (Vernon Supp. 2009).  A third degree felony carries a penalty range of between two and ten years of imprisonment.  TEX. PENAL CODE ANN. § 12.34(a) (Vernon Supp. 2009).

### Analysis

The State concedes that the written judgment does not contain a finding that the two enhancement paragraphs are true.  However, it responds to Appellant's argument by pointing out that the oral pronouncement of sentence controls where there is a variance between it and the

---

[3] The court requested additional briefing regarding (1) pronouncement of sentence by the trial court, (2) the sentence imposed by the trial court, and (3) the appropriate appellate remedy in this case.

written judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003) (citing *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). The State argues that the trial court found both enhancement paragraphs to be true. However, the State cites the wrong rendition of the sentence. Although it cites the page number in the record where the trial court "formally pronounced" the sentence, the State reproduces, in a block quote, the sentence the trial court proposed as part of the timely pass for plea procedure. In the recitation of the proposed sentence, the trial court stated that it found both enhancements to be true.

But the trial court did not find both enhancements to be true when it formally pronounced sentence. After Appellant accepted the trial court's offer, the trial court stated that it would formally assess sentence, assessed a two year term, found the "enhancement paragraph" to be true, and then announced that it had formally pronounced the sentence. The State does not suggest any reason that this is not the sentence that was actually assessed.

We recognize that a trial court may, on the day it assesses a sentence, change the sentence that it has imposed. *See State v. Aguilera*, 165 S.W.3d 695, 698–99 (Tex. Crim. App. 2005). That is not what happened in this case. Instead, the trial court offered a preview of the punishment. After it was accepted, the court "formally pronounce[d]" the sentence. Even if the recitation of the proposed sentence could be understood to be a pronouncement of sentence, the later formal pronouncement would be a modification of the sentence that the trial court had the authority to make pursuant to *Aguilera*.

A trial court need not make a finding on the enhancements in the presence of the defendant, and it may simply do so in the judgment. *See Garner v. State*, 858 S.W.2d 656, 660 (Tex. App.–Fort Worth 1993, pet. ref'd). Also, at least two of the judges on the court of criminal appeals would allow a trial court to restate the sentence when the judge misspeaks. *See Aguilera*, 165 S.W.3d at 699 (Cochran, J., concurring). But in this case, other than in the preview of the sentence, the trial court never made a written or oral finding that both enhancement paragraphs were true, and never formally, and in Appellant's presence, sentenced Appellant to imprisonment for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, §1(a) (Vernon Supp. 2009) (sentence must be pronounced in defendant's presence in a felony case,).

Because, as the State points out, the oral pronouncement of sentence controls over the

written judgment, the two year suspended sentence the trial court orally pronounced is the sentence in this case. *See Coffey*, 979 S.W.2d at 328. In addition, because neither the trial court's formal pronouncement of sentence nor the written judgment contains a finding that the two enhancement paragraphs are true, the offense is a unenhanced state jail felony.

Between the time of Appellant's conviction and the revocation of his suspended sentence, a different judge assumed the 114th District Court bench. The new trial court judge did not know that a two year sentence had been assessed because she had only the written judgment to rely upon, which recited that Appellant had received a ten year sentence for a third degree felony. After hearing the evidence at the revocation hearing, the trial court assessed a seven year sentence. A seven year sentence is greater than the two year sentence that was actually imposed and suspended and is greater than the maximum sentence available for an unenhanced unauthorized use of a vehicle, a state jail felony offense.

Upon revocation of community supervision, a trial court may impose the suspended sentence or may impose a lesser sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp. 2009). However, a trial court is without authority to impose a greater sentence. *Kimball v. State*, 119 S.W.3d 463, 465 (Tex. App.—Beaumont 2003, no pet.) (when community supervision is revoked, trial court exceeds authority by imposing term of confinement greater than sentence originally assessed). When this occurs, the error is not waived when the issue is not raised in the trial court. *Id.*

Essentially, Appellant is in the position of a person who pleads guilty, or is found guilty, and is assessed a punishment not authorized by law. *See Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991). A sentence not authorized by law is void. *See id*. at 802; *Kimball*, 119 S.W.3d at 465. Therefore, we sustain Appellant's first issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *reverse* and *remand* for a new sentencing hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2009).

5

**BRIAN HOYLE**
Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)