In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00230-CR

                                                ______________________________

 

 

                                 BRANDON DAVID RILEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 3rd Judicial District Court

                                                          Anderson
County, Texas

                                                            Trial
Court No. 28443

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Brandon David
Riley appeals a trial court’s judgment revoking community supervision because
it imposed a greater sentence than originally assessed.[1]  We affirm the trial court’s judgment, as
modified. 

            In 2006, Riley
pled guilty to two counts of aggravated assault of a public servant.[2]  The trial court found Riley guilty, did not
make a deadly-weapon finding, and sentenced Riley to five years’ confinement.  This sentence was suspended, and Riley was
placed on community supervision for five years, 180 days of which was shock
community supervision.   Although this was the trial court’s oral
pronouncement, the court mistakenly signed a deferred adjudication order.  

            Years
later, though guilt was adjudicated, the State referenced the deferred
adjudication order and sought a new adjudication of Riley’s guilt.  After the trial court made a deadly-weapon
finding contrary to the previous finding in 2006, it sentenced Riley to twenty-five
years’ incarceration.  Riley’s complaint,
that the trial court exceeded its authority in entering an increased sentence,
is reviewable for the first time on appeal. 
Kimball v. State, 119 S.W.3d
463, 465 (Tex. App.—Beaumont 2003, no pet.); Weed v. State, 891 S.W.2d 22, 24 (Tex. App.—Fort Worth 1995, no
pet.). 

            We review a trial
court’s order revoking community supervision for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); In re T.R.S., 115 S.W.3d 318, 321 (Tex.
App.—Texarkana 2003, no pet.).  Texas
courts have held that, once community supervision is revoked, a trial court
exceeds its authority by imposing a term of confinement greater than the
sentence originally assessed.[3]  Kimball,
119 S.W.3d at 465; Weed, 891 S.W.2d at
24 (“The critical language from Article 42.12, § 23 of the Texas Code of
Criminal Procedure reads ‘[i]f community supervision is revoked . . . the judge
may proceed to dispose of the case as if there had been no community
supervision’ . . .  we interpret Article
42.12, § 23(a) to require that when a trial court assesses criminal punishment,
probates the sentence, then revokes that probation, the court may impose no
greater punishment than was originally assessed”).  

            In this
case, we find, and the State concedes, that the trial court abused its discretion
by imposing a twenty-five-year sentence of incarceration where the originally
assessed sentence was for five years’ confinement.  Riley’s point of error is sustained. 

            The
Texas Rules of Appellate Procedure give this Court authority to reform judgments
to make the record speak the truth when the matter has been called to our
attention by any source.  Tex. R. App. P. 43.2; French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State, 299 S.W.3d 349, 356
(Tex. App.—Texarkana 2009, no pet.).  We
modify the trial court’s judgment to reflect a five-year sentence and remove
the deadly-weapon finding, consistent with the original judgment of the trial
court as set forth in the oral pronouncement from the 2006 hearing. 

            As
modified, the trial court’s judgment is affirmed.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
23, 2010    

Date Decided:             November
24, 2010

 

Do Not Publish

 

 

 

 











[1]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[2]Simultaneously,
Riley pled guilty to driving while intoxicated (DWI), and was sentenced to five
years’ confinement.  This sentence was
suspended, and he was placed on community supervision for a period of five
years.  Subsequently, the trial court
revoked community supervision and imposed a five-year sentence of confinement.  Although Riley appeals from this judgment in
our related cause number 06-09-00230-CR, he states that we “should affirm the
felony DWI.”  Our review of his brief
clarifies that all arguments on appeal relate to this cause, and challenge the
increased sentence of twenty-five years’ imprisonment for assault of a public
servant.  Consequently, we do not
reference the DWI in this opinion. 





[3]We
cite to the following cases, not as binding precedent, but as persuasive
authority:  Newton v. State, No. 13-01-321-CR, 2002 WL 1290048, at *1
(Tex. App.—Corpus Christi June 13, 2002, no pet.) (mem. op., not designated for
publication); Spence v. State, Nos.
05-01-00268-CR & 05-01-00269-CR, 2001 WL 1590599, at *2 (Tex. App.—Dallas
Dec. 14, 2001, no pet.) (mem. op., not designated for publication); Finney v. State, No. 07-99-0427-CR, 2000
WL 768855, at *1 (Tex. App.—Amarillo June 14, 2000, no pet.) (mem. op., not
designated for publication).