

# NUMBER 13-24-00410-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **JOHNNY LEE FORTENBERRY,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE 130TH DISTRICT COURT
## OF MATAGORDA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Johnny Lee Fortenberry pleaded guilty to possession of a controlled substance in an amount of one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). By two issues, appellant challenges the trial court's revocation of his community supervision. He argues: (1) the trial court abused its discretion "in allowing results from drug screening tests into evidence

without any evidence of scientific reliability," and (2) "[t]he erroneous admission of the drug screens violated the 6th Amendment." We affirm.

## I. BACKGROUND

On September 18, 2017, a grand jury indicted appellant on the aforementioned charge. Appellant pleaded guilty on January 3, 2018, pursuant to a plea agreement with the State of Texas. The trial court thereafter adjudicated appellant guilty, sentenced appellant to ten years' incarceration in accordance with the plea agreement, suspended the sentence, and placed appellant on community supervision for five years. The conditions of his community supervision, relevant to this analysis, included: committing no new offenses (Condition A), abstaining from illegal substances or alcohol (Condition B), reporting monthly to the Community Supervision and Corrections Department (CSCD) (Condition H), submitting to drug testing (Condition R), completing community service restitution "for a period of 500 hours" (Condition U), and attending counseling "as deemed appropriate by CSCD officer[s]" (Condition V).

Over four years later, the State filed a motion to revoke appellant's community supervision. The State alleged that appellant committed thirty-three violations of the conditions of his community supervision. These included one violation of Condition A, eleven violations of Condition B, thirteen violations of Condition H, one violation of Condition R, one violation of Condition U, and six violations of Condition V. At the hearing on the State's motion, appellant pleaded true to violating Condition A by operating a motor vehicle on a public highway without a valid license and insurance. Appellant pleaded not true to the remaining violations.

2

The State introduced the complained-of drug test results and testimony from appellant's supervising CSCD officers that appellant admitted that he had used methamphetamines or amphetamines on at least three different occasions. Appellant's trial counsel objected to the drug test results, arguing that they "have never been validated by anybody who is capable of validating" drug test results. Counsel's objection was lodged over halfway through the hearing and only after testimony regarding the results of the drug tests had been admitted. The trial court overruled the objection.

Subsequently, the trial court found all thirty-three violations to be true, granted the motion to revoke appellant's community supervision, and sentenced appellant to ten years' incarceration. This appeal followed.

## II.    DISCUSSION

Appellant first argues that the trial court abused its discretion when it allowed the positive drug test results "into evidence without any evidence of scientific reliability." As to his second issue, appellant argues that the erroneous admission of the drug test results violated the Sixth Amendment because the State's witnesses did not testify as to how the drug screenings were collected or conducted. Ordinarily, we review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020). We will assume without deciding that appellant properly preserved these issues for appeal and that the trial court erred in admitting the complained-of evidence.

"In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard*

3

*v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). "Though defendants are not entitled to community supervision as a matter of right, once a defendant is assessed community supervision in lieu of other punishment, this conditional liberty 'should not be arbitrarily withdrawn by the court.'" *Id.* (quoting *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987) (cleaned up)). "On appeal from a trial court's decision to revoke, therefore, appellate courts review the record only to ensure that the trial court did not abuse its discretion." *Id.*

Appellant only challenges the revocation grounds involving the complained-of drug test results. However, the trial court also found that appellant violated Conditions A, H, R, U, and V, which were not based on appellant's drug test results but related to other conditions of appellant's community supervision. These violations exist independently from the violations involving the allegedly inadmissible drug tests. *See Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013); *see also Miranda v. State*, No. 13-19-00314-CR, 2020 WL 5050637, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, no pet.) (mem. op., not designated for publication) (analyzing whether there was sufficient evidence that the unchallenged or alternative grounds for revocation "existed independently from the violation containing an alleged constitutional taint"). Accordingly, any alleged error was harmless because the trial court's revocation was supported by grounds unrelated to the complained-of drug tests. We conclude beyond a reasonable doubt that any error in admitting the drug-test results did not contribute to the judgment or punishment and did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(a) (providing that, upon finding constitutional error, we must reverse unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or

4

punishment), 44.2(b) (providing that all nonconstitutional errors that do "not affect substantial rights must be disregarded"); *see also Engle v. State*, No. 13-24-00153-CR, 2025 WL 1131387, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2025, no pet.) (mem. op., not designated for publication) (holding that any error from the admitted evidence was harmless because other grounds for revocation were sufficient to justify revocation of appellant's community supervision).

Appellant also argues that the violations are "mostly minor violations" and "it seems the trial court . . . consider[ed] the [drug test results] and factored them into the sentence . . . ." He seems to argue that the trial court abused its discretion when it allegedly considered the drug test results and sentenced him "to the maximum possible sentence in his sentence range." Appellant cites to nothing in the record indicating that the trial court relied on the drug test results when it sentenced him, and appellant's speculations as to the trial court's exercise of discretion does not constitute a sufficient basis for this Court to reverse the trial court's sentence. *See* TEX. R. APP. P. 38.1(i); *see also Engle*, 2025 WL 1131387, at *3.

Moreover, the trial court sentenced appellant within the sentencing range originally assessed. *See Kimball v. State*, 119 S.W.3d 463, 465 (Tex. App.—Beaumont 2003, no pet.) (holding that the trial court abused its discretion when it sentenced appellant to a term of confinement greater than the original sentence the court assessed when appellant entered plea deal); *Weed v. State*, 891 S.W.2d 22, 23–24 (Tex. App.—Fort Worth 1995, no pet.) (same). As such, we cannot conclude that the trial court abused its discretion when it sentenced appellant. We overrule appellant's first and second issues.

5

## IV. CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of July, 2025.