# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00379-CR

---

**Michael Christopher Prall, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY**
**NO. 15-2658-K368,**
**THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State indicted appellant Michael Christopher Prall with one count of failure to render aid in an accident involving personal injury or death (count one), *see* Tex. Transp. Code § 550.021(a), and two counts of aggravated assault with a deadly weapon (counts two and three), *see* Tex. Penal Code § 22.02(a)(2). Prall pleaded guilty to counts one and two pursuant to plea bargains. In exchange for his guilty pleas, the State dismissed count three; recommended a six-year sentence for count two; and recommended that for count one, Prall be sentenced to ten years' confinement probated for seven years with the sentence to run consecutively to that imposed for count two. The trial court followed the plea bargains' terms in sentencing Prall. Following the completion of his sentence for count two, the State moved to revoke his community supervision for an alleged violation of its terms and conditions. The trial court granted the motion, found the allegation to be true, and sentenced him to ten years' confinement.

In a single issue, Prall contends that the trial court erred by cumulating his sentences in violation of Texas Penal Code section 3.03. *See id.* § 3.03(a) (providing that, subject to certain enumerated exceptions, sentences for offenses arising out of same criminal episode must run concurrently). We affirm the trial court's judgment revoking community supervision.

## DISCUSSION

Prall contends that the trial court erred "when it sentenced [him] to a consecutive term of ten (10) years . . . for a violation of his probation after he had already served a sentence of six (6) years . . . from the same criminal episode." Specifically, he argues that because the offenses to which he pleaded guilty do not fall within the statutory exceptions to section 3.03, the trial court's cumulation order was unlawful. *See id.* § 3.03(b)–(e). He also argues that the written judgment revoking community supervision should be modified to remove its reference to the court's cumulation order because the trial judge did not orally pronounce the cumulation order during the revocation hearing. *See Ex parte Madding*, 70 S.W.3d 131, 136–37 (Tex. Crim. App. 2002) (where trial court orally pronounced that sentences were to be served concurrently, but written judgment reflected that they ran consecutively, ordering that written judgment be corrected to conform to pronouncement). The State responds that Prall waived his right to challenge the cumulation order.

We agree that Prall has waived his right to appeal this issue. The well-established rule—to which Prall fails to argue an exception—is that "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013); *see Manuel v. State*, 994 S.W.2d 658, 661

(Tex. Crim. App. 1999) (recognizing that Court of Criminal Appeals had "long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction . . . only in appeals taken when community supervision is originally imposed" and not "in appeals filed after 'regular' community supervision is revoked").

Before signing the plea bargain for count one, Prall was admonished by the trial court that

> [i]f the punishment assessed does not exceed the punishment recommended by the District Attorney and agreed to by Defendant and his attorney, Defendant must request and receive[] the trial court's permission before he or she may pursue an appeal on any matter in his or her case, except for those matters raised by written motions filed prior to trial.

The plea bargain in turn included among its terms the following language, which was likewise recited on the face of the judgment of conviction for count one:

> **10 years TDC probated for 7 years formal probation; No fine; court costs; conditions of probation to include substance abuse evaluation and no contact with the [victim's] family;**
>
> **The defendant agrees that the sentence in Count One of this cause shall run consecutively to the sentence in Count Two of this cause (i.e., the sentence in Count One of this cause shall not begin to operate until the sentence in Count Two of this cause has ceased to operate or when the defendant is released on parole on Count Two of this cause, whichever is earlier)**.

The plea bargain further provided that Prall "waives (for guilt and punishment stages) . . . [a]ny and all rights to appeal, the right [to] file a motion new trial and any right to appeal arising from a motion for new trial."  The trial court thus certified that the case was a plea-bargain case for which Prall had no right of appeal and that he had waived his right of appeal.  *See* Tex. R. App. P. 25.2(a)(2).

3

The Court of Criminal Appeals has recognized a defendant's right to affirmatively waive the right to concurrent sentencing under subsection 3.03(a). *See Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (plurality op.) ("§ 3.03 confers a *Marin* waiver-only right—a right that must be implemented unless affirmatively waived."). Accordingly, Prall's decisions voluntarily, knowingly, and intelligently to accept the plea bargain and waive any right to appeal from the trial court's cumulation order at the time that he was placed on community supervision "must work as a forfeiture of the claim, and he may not . . . attempt to resuscitate it in a later appeal from the revocation of his community supervision." *Wiley*, 410 S.W.3d at 321.

In a case on collateral review, the Court of Criminal Appeals explained:

> In this case the applicant pleaded guilty, and was convicted and sentenced, in accordance with a plea[-]bargaining agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action. There is no allegation that his decision was not counseled, intelligent, and voluntary. We hold that his decisions not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode, were valid waivers of his right to concurrent sentences.

*Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997); *see Ex Parte Knight*, 401 S.W.3d 60, 64 n.2 (Tex. Crim. App. 2013) (stating in dicta that applicant "could not have challenged the cumulation order on direct appeal because she waived her appellate rights pursuant to the plea agreement").

Despite Prall's waiver, we briefly address the trial court's silence during the revocation hearing on its earlier cumulation order. Prall's punishment was in fact assessed during the plea proceeding at which he was sentenced to ten years' confinement, his sentence was suspended, and he was placed on community supervision. *See Pettigrew v. State*,

48 S.W.3d 769, 773 (Tex. Crim. App. 2001) ("[T]he Legislature intended both suspended and imposed sentences to be treated as 'convictions' for the purpose of stacking in order to give the trial court the maximum flexibility possible in stacking sentences."). It is worth quoting our sister court, which addressed the substantively identical predecessor to the current community-supervision statute:

> Because this is a "regular probation" case, the appellant's punishment was assessed and the sentence was pronounced on March 18, 2002. Only the imposition of the sentence of confinement was suspended while Kimball was under community supervision. A community supervision revocation hearing is neither a criminal nor a civil trial, but rather an administrative hearing. The trial court is not authorized by law to assess a new sentence. Therefore, Kimball received a sentence of ten years of confinement, and no subsequent act of the trial court effectively altered that sentence. Its authority to sentence Kimball to more than ten years of confinement ended with the oral pronouncement of sentence on March 18, 2002.

*Kimball v. State*, 119 S.W.3d 463, 464–65 (Tex. App.—Beaumont 2003, no pet.) (internal citations omitted). Thus, the trial court did not revisit the cumulation of Prall's sentences at the revocation hearing because it had already ordered them stacked following the plea proceeding and could not alter his sentences.

For these reasons, we overrule Prall's sole issue.

## CONCLUSION

Having overruled Prall's only issue on appeal, we affirm the trial court's judgment revoking community supervision.

_____

Maggie Ellis, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   August 20, 2025

Do Not Publish

6