Jorge Luis LEVY, Appellant,

v.

The STATE of Texas, Appellee.

No. 270–91.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1991.

---

Bruce Anton, Dallas, for appellant.

Jerry Cobb, Former Dist. Atty. and Gwinda Burns, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Jorge Luis Levy, appellant, pled guilty to the offense of aggravated sexual assault, without the benefit of a plea bargain agreement with the State. The trial court found appellant guilty, assessed punishment at six years confinement, and suspended imposition of the sentence, placing appellant on probation for six years. The State later moved to revoke the probated sentence. The trial court granted the State's motion, revoked the probation, and sentenced appellant to six years confinement. The Court of Appeals affirmed the judgment of the trial court in an unpublished opinion.

*Levy v. State,* No. 2–89–310–CR (Tex. App.—Fort Worth, delivered January 23, 1991). We will reverse.

### I.

The Court of Appeals stated appellant's contention on direct appeal as follows: "In a single point of error, [appellant] urges that the trial court erred in revoking his probation because he should never have been granted probation for his aggravated sexual assault conviction." Slip op. at 1. The Court of Appeals overruled appellant's point of error by holding that appellant could not make such an argument on appeal after accepting the leniency of the trial court without objection, relying on its opinion in *Heath v. State,* 778 S.W.2d 208 (Tex.App.—Fort Worth 1989), and affirmed the judgment of the trial court. Slip op. at 2.

■ A defendant convicted of aggravated sexual assault is not eligible for court-ordered probation. Tex.Code Crim. Proc.Ann. art. 42.12, § 3g(a)(1)(C). Sentences not authorized by law are void. See *Heath v. State,* 817 S.W.2d 335 (Tex.Cr. App.1991) (opinion on original submission) and *Heath,* (delivered October 23, 1991) (opinion on motion for rehearing). See also, *Wilson v. State,* 677 S.W.2d 518 (Tex. Cr.App.1984). A defect which renders a sentence void may be raised at any time. *Heath,* supra, *Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Cr.App.1979), *Ex parte Shields,* 550 S.W.2d 670, 675 (Tex.Cr.App. 1977). Therefore, the Court of Appeals erred by holding appellant could not raise the issue on appeal.

### II.

■ Having determined that the issue could be raised on direct appeal, we must determine what action is appropriate when a defendant, ineligible for court-ordered probation, receives such a probated sentence without a plea bargain agreement with the State.

Appellant's original sentence of court-ordered probation was not authorized by law, and therefore was void. However, appellant's plea of guilty was voluntary. The void sentence did not in any way in-

duce appellant to plead guilty. Finally, appellant's plea of guilty was not induced by a plea bargain agreement. *Contrast, Heath,* supra (defendant plead guilty pursuant to a plea bargain agreement).

■ When an appellate court finds error at the punishment stage of the trial, the case may be remanded to the trial court for the proper assessment of punishment. Tex.Code Crim.Proc. art. 44.29(b); *Bullard v. State,* 548 S.W.2d 13, 18 (Tex.Cr.App. 1977); *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Cr.App.1984).

In cases where a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain agreement with the State and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case to the trial court for the proper assessment of punishment.

Therefore, we summarily grant appellant's petition for discretionary review, reverse the judgment of the Court of Appeals, and remand this cause to the trial court for reassessment of punishment.

WHITE, J., concurs in the result.

MILLER, J., concurs with the following note: While I concur in the result reached in the majority opinion, the reasoning behind the majority's finding is flawed. See my dissent in *Heath v. State,* 817 S.W.2d 335 (Tex.Cr.App.1991).

McCORMICK, P.J., dissents.