TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00359-CR






Randle Jackson, III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,779, HONORABLE JOE CARROLL, JUDGE PRESIDING






On October 24, 1995, the district court accepted appellant Randle Jackson's guilty plea
and adjudged him guilty of possessing more than four grams of cocaine. Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (West Supp. 1998). Pursuant to a plea bargain agreement, the court assessed
punishment at imprisonment for ten years and placed Jackson in the state boot camp program. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 8 (West Supp. 1998); Tex. Gov't Code Ann. § 499.052 (West
Supp. 1998). Jackson's boot camp began on December 27, 1995, the day he was received by the
institutional division. See Art. 42.12, § 8(a). On March 5, 1996, after receiving an unsatisfactory report
regarding Jackson's performance, the court elected not to grant community supervision and directed that
he be placed in the general prison population. See Art. 42.12, § 8(b); Sec. 499.052(d).

On May 19, 1996, Jackson applied to the district court for shock supervision. Art. 42.12,
§ 6. The court granted the motion on July 10, 1996, and ordered Jackson placed on community
supervision. On March 11, 1997, the State moved to set aside the order granting community supervision
on the ground that the district court had been without jurisdiction. The motion was granted on April 30,
1997, the order granting community supervision was vacated, and a capias was issued for Jackson's arrest.

Jackson filed a pro se notice of appeal on May 19, 1997, and subsequently filed a pro se
brief. After the pro se brief was filed, this Court learned for the first time that Jackson was represented by
an attorney. Counsel also filed a brief on appellant's behalf.

Counsel's brief contains a single point of error urging that the district court erred by
"revoking" Jackson's placement in boot camp without a hearing. We do not reach this issue because it is
not properly before us. The decision not to place Jackson on community supervision but instead to place
him in the general prison population was made in March 1996. Even if this was an appealable decision,
a question we do not decide, no appeal was taken. Instead, Jackson later sought and was granted shock
community supervision. The present appeal is from the district court's order vacating the shock supervision
order.

The district court's continuing jurisdiction to grant shock supervision expired 180 days after
"execution of the sentence actually [began]." Art. 42.12, § 6(a). Whether measured from the day sentence
was imposed (October 24, 1995) or from the day Jackson was received by the institutional division
(December 27, 1995), the court's jurisdiction under article 42.12, section 6 expired before July 10, 1996. 
The order of that date placing Jackson on community supervision was therefore void. Levy v. State, 818
S.W.2d 801, 802 (Tex. Crim. App. 1991); State ex rel. Bryan v. McDonald, 642 S.W.2d 492, 494
(Tex. Crim. App. 1982). The order granting community supervision was properly withdrawn. McDonald,
642 S.W.2d at 494. Appellant's pro se contention to the contrary is without merit.

For the reasons stated, we hold that the district court acted properly when it vacated the
order granting community supervision.

The State's motion to dismiss this appeal is overruled. The order vacating the grant of
community supervision is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 12, 1998

Do Not Publish



="font-size: 14pt">
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00359-CR






Randle Jackson, III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,779, HONORABLE JOE CARROLL, JUDGE PRESIDING






On October 24, 1995, the district court accepted appellant Randle Jackson's guilty plea
and adjudged him guilty of possessing more than four grams of cocaine. Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (West Supp. 1998). Pursuant to a plea bargain agreement, the court assessed
punishment at imprisonment for ten years and placed Jackson in the state boot camp program. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 8 (West Supp. 1998); Tex. Gov't Code Ann. § 499.052 (West
Supp. 1998). Jackson's boot camp began on December 27, 1995, the day he was received by the
institutional division. See Art. 42.12, § 8(a). On March 5, 1996, after receiving an unsatisfactory report
regarding Jackson's performance, the court elected not to grant community supervision and directed that
he be placed in the general prison population. See Art. 42.12, § 8(b); Sec. 499.052(d).

On May 19, 1996, Jackson applied to the district court for shock supervision. Art. 42.12,
§ 6. The court granted the motion on July 10, 1996, and ordered Jackson placed on community
supervision. On March 11, 1997, the State moved to set aside the order granting community supervision
on the ground that the district court had been without jurisdiction. The motion was granted on April 30,
1997, the order granting community supervision was vacated, and a capias was issued for Jackson's arrest.

Jackson filed a pro se notice of appeal on May 19, 1997, and subsequently filed a pro se
brief. After the pro se brief was filed, this Court learned for the first time that Jackson was represented by
an attorney. Counsel also filed a brief on appellant's behalf.

Counsel's brief contains a single point of error urging that the district court erred by
"revoking" Jackson's placement in boot camp without a hearing. We do not reach this issue because it is
not properly before us. The decision not to place Jackson on community supervision but instead to place
him in the general prison population was made in March 1996. Even if this was an appealable decision,
a question we do not decide, no appeal was taken. Instead, Jackson later sought and was granted shock
community supervision. The present appeal is from the district court's order vacating the shock supervision
order.

The district court's continuing jurisdiction to grant shock supervision expired 180 days after
"execution of the sentence actually [began]." Art. 42.12, § 6(a). Whether measured from the day sentence
was imposed (October 24, 1995) or from the day Jackson was received by the institutional division
(December 27, 1995), the court's jurisdiction under article 42.12, section 6 expired before July 10, 1996. 
The order of that date placing Jackson on community supervision was therefore void. Levy v. State, 818
S.W.2d 801, 802 (Tex. Crim. App. 1991); State ex rel. Bryan v. McDonald, 642 S.W.2d 492, 494
(Tex. Crim. App. 1982). The order granting community supervision was properly withdrawn. McDonald,
642 S.W.2d at 494. Appellant's pro se contention to the contrary is without merit.

For the reasons stated, we hold that the district court acted properly when it vacated the
order granting community supervision.

The State's motion to dismiss this appeal is overruled. The order vacating the grant of
community supervision is affirmed.