In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-081 CR


____________________



JOSEPH WAYNE DEAL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 83350






 MEMORANDUM OPINION 


 Without benefit of a plea bargain, Joseph Wayne (1) Deal pled no contest to the offense
of failing to stop and give information and render aid. See Tex. Transp. Code Ann. §§
550.021, 550.023 (Vernon 1999). The trial court deferred adjudication of guilt and placed
Deal on probation for ten years. Less than three years later, after hearing the State's Motion
to Revoke Unadjudicated Probation, the trial court found Deal guilty and sentenced him to
ten years confinement in the Institutional Division of the Texas Department of Criminal
Justice. 

 After the trial court certified that Deal had the right to appeal, appellate counsel filed
a brief that concluded no arguable error was presented in Deal's appeal. See Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978). However, our review of the record revealed arguable
error regarding whether Deal's ten-year sentence is authorized by law. See Tex. Transp.
Code Ann. §§ 550.021, 550.023 (Vernon 1999)(setting maximum punishment at
imprisonment for not more than five years and a fine of up to $5,000). Having concluded
that there was an arguable ground for appeal on that question, we abated the cause for the
appointment of new counsel. The trial court appointed new counsel who filed the brief upon
which we now act.

 In a single issue, Deal asserts that the trial court erred in assessing punishment not
authorized by law and that the sentence imposing punishment is void. The State concedes
error in this cause's punishment phase and concludes that the assessed sentence exceeds the
statutorily prescribed punishment range for the offense. 

 Generally, when a punishment is unauthorized by law, the sentence imposing that
punishment is void. See Levy v. State, 818 S.W.2d 801, 802-03 (Tex. Crim. App. 1991). An
assessed punishment that is unauthorized by law is one that is "not within the universe of
punishments applicable to the offense." Ex parte Johnson, 697 S.W.2d 605, 607 (Tex. Crim.
App. 1985). Such is the case here as Deal was sentenced to ten years while there is a
statutorily imposed maximum sentence of five years. A sentence outside the statutory limits
is void. We sustain Deal's issue.

 When a defendant pleads guilty or no contest, without the benefit of a plea bargain
agreement, and is assessed a punishment not authorized by law, "the appropriate remedy is
to allow the finding of guilt to remain and to remand the case to the trial court for the proper
assessment of punishment." Levy, 818 S.W.2d at 803; see also Tex. Code Crim. Proc. Ann.
art. 44.29(b) (Vernon Supp. 2005). Accordingly, we reverse the trial court's judgment as to
punishment and remand the case to the trial court for a new punishment hearing and
assessment.

 REVERSED AND REMANDED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on August 16, 2005

Opinion Delivered August 24, 2005

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Deal's middle name has appeared in the record in various ways, including "Wayne"
and "Dwayne." To be consistent with the deferred adjudication order, we use "Wayne" in
this opinion.