In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-199 CR


____________________



TEMEKO LAKEITH LEDAY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court 


Orange County, Texas


Trial Cause No. D060027-R






MEMORANDUM OPINION


 A jury convicted appellant, Temeko Lakeith LeDay, of the offense of unauthorized
use of a vehicle, a state jail felony. See Tex. Pen. Code Ann. § 31.07(a), (b) (Vernon 2003). 
Finding enhancement evidence true, the jury assessed LeDay's punishment at confinement
in the Texas Department of Criminal Justice-Institutional Division for a term of twenty years,
and additionally assessed a fine of $10,000. The lone issue for our consideration is whether
the trial court erred in providing the jury with an improper punishment option for
consideration in assessing LeDay's punishment. The State's reply all but concedes reversible
error. 

 The facts pertaining to the issue are not in dispute. During the punishment phase of
the trial, the State introduced into evidence two non-sequential state jail felony convictions
from 2003, both for possession of a controlled substance. Additionally, the State introduced
one prior second-degree felony conviction from 1996. The trial court submitted a proposed
punishment charge which provided the jury with the option of punishing LeDay for a second-
degree felony, a third-degree felony, or for a state jail felony. Each punishment option was
predicated on the number of prior convictions presented by the State found to be "true" by
the jury. LeDay objected to the proposed second-degree punishment option as being
unauthorized by the Texas Penal Code because "the maximum range of punishment
applicable to a nonaggravated state jail felony is between 2 and 10 years and not 2 and 20
years." The trial court overruled LeDay's objection. As noted above, the jury punished
LeDay for a second-degree felony. 

 As discussed in its brief, the State's theory of punishment under this scheme intended
to apply the sequential nature of LeDay's three prior convictions to particular provisions in
the Texas Penal Code addressing punishment of state jail felony offenders. The provisions
in question are found in Tex. Pen. Code Ann. § 12.35 (Vernon 2003), § 12.42 (Vernon
Supp. 2006). The pertinent parts of these sections appear in the Code as follows:

 § 12.35. State Jail Felony Punishment


 (a) Except as provided by Subsection (c), an individual adjudged guilty
of a state jail felony shall be punished by confinement in a state jail for any
term of not more than two years or less than 180 days.

 

 (b) In addition to confinement, an individual adjudged guilty of a state
jail felony may be punished by a fine not to exceed $10,000.


 (c) An individual adjudged guilty of a state jail felony shall be punished
for a third degree if it is shown on the trial of the offense that:


 (1) a deadly weapon as defined by Section 1.07 was used
or exhibited during the commission of the offense or during
immediate flight following the commission of the offense, and
that the individual used or exhibited the deadly weapon or was
a party to the offense and knew that a deadly weapon would be
used or exhibited; or


 (2) the individual has previously been finally convicted
of any felony:


 (A) listed in Section 3g(a)(1), Article
42.12, Code of Criminal Procedure; or


 (B) for which the judgment contains an
affirmative finding under Section 3g(a)(2), Article
42.12, Code of Criminal Procedure.


 . . . .


 § 12.42. Penalties for Repeat and Habitual Felony Offenders


 (a)(1) If it is shown on the trial of a state jail felony punishable under
Section 12.35(a) that the defendant has previously been finally convicted of
two state jail felonies, on conviction the defendant shall be punished for a
third-degree felony.

 (2) If it is shown on the trial of a state jail felony punishable under
Section 12.35(a) that the defendant has previously been finally convicted of
two felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on
conviction the defendant shall be punished for a second-degree felony.


 (3) If it is shown on the trial of a state jail felony punishable under
Section 12.35(c) or on the trial of a third-degree felony that the defendant has
been once before convicted of a felony, on conviction he shall be punished for
a second-degree felony.

 

 . . . .


 (e) A previous conviction for a state jail felony punished under Section
12.35(a) may not be used for enhancement purposes under Subsection (b), (c),
or (d). 


Id. Under these sections, the State intended to use the 2003 state jail felony convictions to
enhance the instant offense to a third-degree felony under section 12.42(a)(1), and then
continue to raise LeDay's punishment exposure to a second-degree felony by using his 1996
felony conviction to further enhance the section 12.42(a)(1) enhancement pursuant to
subsection 12.42(a)(3). In its brief, the State cites to Campbell v. State, 49 S.W.3d 874 (Tex.
Crim. App. 2001), and State v. Webb, 12 S.W.3d 808 (Tex. Crim. App. 2000), candidly
admitting "after reading the language and intent of these cases [the State] feels that the
enhancement may be against the wishes of the Court of Criminal Appeals." We agree.

 In both Campbell and Webb, the Court of Criminal Appeals classified state jail felony
offenses as either "aggravated" or "unaggravated"/"non-aggravated". See Campbell, 49
S.W.3d at 875, 877; Webb, 12 S.W.3d at 809, 811. Whether or not a state jail felony offense
is aggravated or unaggravated depends upon whether the offense is punishable under
subsection 12.35(a), reserved for unaggravated state jail offenses, or punishable under
subsection 12.35(c), reserved for aggravated state jail offenses. See Webb, 12 S.W.3d at 811
("[A]ppellee was tried for a non-aggravated state jail felony, i.e., a state jail felony
punishable under § 12.35(a). . . . Both §§ 12.42(a)(3) and 12.42(d) allow for enhanced
punishment of an aggravated state jail felony (i.e., a § 12.35(c) state jail felony)[.]"). 

 In Campbell, the State enhanced an unaggravated state jail felony offense with two
prior sequential state jail felony convictions. Campbell, 49 S.W.3d at 875. The trial court
provided the jury with punishment instructions for a second-degree felony, pursuant to
subsection 12.42(a)(2). Id. On appeal, the court of appeals affirmed, finding the term
"felonies," as used in subsection 12.42(a)(2), to include state jail felonies. Id. Applying the
rules for statutory interpretation, the Court of Criminal Appeals reversed, holding the terms
"felony" and "state jail felony" as used in subsection 12.42(a) "are mutually exclusive; a
defendant charged under subsection 12.35(a) who has previously acquired only state-jail
felony convictions, whether sequential or non-sequential, must be punished for a third-degree
felony under subsection 12.42(a)(1), rather than a second-degree felony under subsection
12.42(a)(2)." Id. at 878. Immediately below this holding, the Court made the following
observation, albeit in the form of dicta: 

 Finally, we note the lack of a provision in the current statute for enhancement
for an offender under subsection 12.35(a) who has two previous non-sequential, unaggravated non-state jail felony convictions. The statute as
written also does not impose an increased punishment for offenders who have
two previous convictions in the form of both a single prior state jail felony and
a single prior non-state jail felony. If such lack of enhancement in either case
is in fact an oversight in the statute, it is the business of the legislature, rather
than this court, to correct it. 


Id. 

 For our purposes, section 12.42(a)(1) does indeed provide specific language
permitting LeDay's unauthorized use of a vehicle conviction, an unaggravated state jail
felony, to be punished as a third-degree felony with proof of his two 2003 state jail felony
convictions. See Tex. Pen. Code Ann. § 12.42 (a)(1). However, section 12.42 does not
provide a further increase of punishment exposure for an unaggravated state jail felony
conviction, already enhanced to a third-degree felony under subsection 12.42(a)(1). On the
other hand, subsection 12.42(a)(2) does subject an unaggravated state jail felony conviction
to second-degree felony punishment, but only upon proof of two sequential felony
convictions, other than state jail felonies. See Campbell, 49 S.W.3d at 878. Aside from the
1996 felony conviction, the record before us does not contain proof of a second qualifying
felony conviction, sequential or otherwise. Thus, based upon the statutory analyses discussed
in Campbell and Webb, we must conclude that the trial court's punishment instruction
permitting the jury to consider the second-degree punishment range was reversible error as
the punishment range was not statutorily authorized. "Sentences not authorized by law are
void." Levy v. State, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991). We sustain LeDay's
appellate issue. We reverse that portion of the judgment pertaining to the assessment of
LeDay's punishment and remand this cause to the trial court for a new punishment hearing
only. See Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon 2006). 

 REVERSED AND REMANDED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 22, 2007

Opinion Delivered July 11, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.