Directory:
















Opinion issued October
7, 2010.

 



In The

Court of
Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01020-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



James daniel boone, Appellant

V.

 

THE
STATE OF TEXAS,
Appellee

 

 



On
Appeal from the 253rd District Court

Chambers County, Texas

Trial Court
Cause No. 13035

 

 



MEMORANDUM
OPINION

          A jury convicted appellant, James Daniel Boone, of evading
arrest or detention while using a motor vehicle, and the trial court assessed his
punishment at ten years’ confinement.[1]  In this appeal,[2] we determine whether appellant’s
sentence exceeds the maximum punishment authorized for the offense for which he
was convicted.  Finding that it does, we affirm
appellant’s conviction, but reverse the portion of the judgment assessing punishment
and remand for a proper assessment of punishment. 

BACKGROUND

 

          Appellant’s
indictment for the offense of evading arrest or detention while using a motor
vehicle included two enhancement paragraphs, alleging
convictions for two prior sequential felonies. 
After the jury returned a guilty verdict, punishment was to the trial
court, but the enhancement paragraphs were not read to appellant and he did not
enter any plea to them.  At the punishment
hearing, the trial court made no pronouncement of any findings regarding the
enhancement paragraphs, but proceeded to assess punishment at ten years’
confinement.  The court’s subsequent judgment
indicated that appellant had pled “untrue” to both enhancement paragraphs, and
that the court had found the first to be true and the second to be “untrue.”   

VOID
SENTENCE

Appellant contends that
his ten year sentence exceeds the maximum punishment authorized by the penal
code for the offense for which he was convicted.  Sentences not authorized by law are
void.  Levy v. State, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991).  

The offense of evading arrest
or detention while using a motor vehicle is a state jail felony, punishable by
confinement in a state jail for any term of not more than two years or less
than 180 days and up to a $10,000 fine.  Tex. Penal Code Ann. §§ 12.35(a), (b), 38.04(a), (b)(1)(B) (Vernon Supp. 2010).
 Yet section 12.42(a)(2) of the Penal
Code provides that:

If it is
shown on the trial of a state jail felony punishable under Section 12.35(a)
that the defendant has previously been finally convicted of two felonies, and
the second previous felony conviction is for an offense that occurred
subsequent to the first previous conviction having become final, on conviction
the defendant shall be punished for a second-degree felony.

 

Id. § 12.42(a)(2) (Vernon Supp. 2010).  Therefore, the two enhancement paragraphs in
appellant’s indictment, if found to be true, would have authorized a second
degree felony punishment.[3]  Appellant’s punishment of ten years’
confinement in prison was consistent with the punishment range of a second degree
felony. 

However, the record in
this case reflects that trial court found the second enhancement paragraph “untrue,”
leaving only one “true” finding on an enhancement allegation.[4]  A finding of a single prior felony conviction
is not sufficient to enhance punishment to a second-degree felony under section
12.42 (a)(2).  See id.

Alternatively, a state
jail felony offense is punishable as a third degree offense under section
12.35(c) of the Texas Penal Code if a deadly weapon finding is made or if there
is a finding that the defendant previously has been convicted of certain
felonies or of a felony whose judgment contains a deadly weapon finding.  See Tex. Penal Code Ann. § 12.35(c)(1), (2)
(Vernon Supp. 2010) (providing that person found guilty of state jail felony
may be punished for third degree felony upon certain showings).  Appellant’s punishment of ten years’
confinement was also consistent with the punishment range of a third degree
felony.  See id. § 12.34
(Vernon Supp. 2010) (providing punishment range of imprisonment for not less
than two years and not more than ten years and fine up to $10,000).  However, in this case, there was no
allegation or finding that appellant used a deadly weapon in the commission of
the offense of evading arrest or detention using a motor vehicle.  Additionally, the enhancement paragraph that
the trial court found to be true was for a prior conviction for possession of a
firearm by a felon, which is not one of the prior offenses that can be the basis
of an enhancement under section 12.35(c)(2)(A); likewise, the judgment for that
conviction does not contain a deadly weapon finding and so cannot be the basis
for an enhancement under section 12.35(c)(2)(B).  See id.
§ 12.35(c)(2)(A)-(B); see also id. § 12.42(3)(g)(1) (Vernon Supp.
2010).  

Accordingly, the trial
court was required to assess appellant’s sentence within the applicable state
jail felony range.  Appellant’s sentence
of ten years’ confinement in prison exceeds the punishment range permissible
for a state jail felony and is therefore void. 
Levy, 818 S.W.2d at 802.  We grant appellant’s first issue and need not
address the remaining issue.




 

CONCLUSION

          We affirm the trial court’s judgment with respect to
appellant’s conviction, reverse the part of the judgment assessing punishment, and
remand this case to the trial court for a proper assessment of punishment in
accordance with the applicable punishment range.  See id.
at 803; Tex. R. App. P. 43.2(b); Tex. Code Crim. Proc. art. 44.29(b)
(Vernon Supp. 2010).

 

 

 

                                                          Jim
Sharp

                                                          Justice

 

 

Panel consists of Justices Jennings, Alcala, and Sharp.

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §
38.04(a), (b)(1)(B) (Vernon Supp. 2010).





[2]              We previously considered this case in an opinion addressing
appeals of three of appellant’s convictions, including the present one.  See
Boone v. State, Nos. 01-04-00870-CR, 01-04-00871-CR, 01-04-00882-CR, 2005
WL 1474454 (Tex. App.—Houston [1st Dist.] June 23, 2005, no pet.) (mem. op.).  In that opinion, we noted that, although
appellant had filed a notice of appeal for this conviction, along with a
clerk’s record and reporter’s record, appellate counsel had raised no issues on
appeal as to this particular conviction, and we affirmed.  Id. at
*4.  Appellant was later granted an
out-of-time appeal for this conviction by the United States District Court,
Southern District of Texas, Houston Division, based on the ineffective
assistance of counsel appellant received on his first direct appeal of this
case.  This appeal ensued.  





[3]           Punishment for a second degree felony is imprisonment for not
less than two years and not more than twenty years and up to a $10,000
fine.  Tex.
Penal Code Ann. § 12.33(a), (b) (Vernon Supp. 2010).  

 





[4]           It
appears from the record that the trial court’s finding of “untrue” as to the
second allegation was premised on a typographical variance between the
indictment and the State’s evidence—the indictment alleged that the prior
conviction occurred in 1999, whereas the State’s penitentiary packet showed
that the conviction occurred in 1997. 
This Court has held that such a variance is not fatal to the allegation,
absent evidence that the defendant was surprised or prejudiced.  Benton
v. State, 770 S.W.2d 946, 947–48 (Tex. App.—Houston [1st Dist.] 1989, pet.
ref’d).  In this appeal, the State does
not complain that the trial court erred by finding the enhancement paragraph
not true.