**Affirmed and Opinion filed April 29, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00277-CR

**WILLIE EUGENE PEARSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 54th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2011-2089-C2**

## O P I N I O N

A jury convicted appellant, Willie Eugene Pearson, of seven counts of aggravated sexual assault of a child younger than fourteen years of age and two counts of indecency with a child younger than seventeen years of age. The jury sentenced appellant to confinement for 99 years and assessed a $10,000 fine for each count of aggravated sexual assault. For each count of indecency with a child, the jury sentenced appellant to confinement for 20 years and assessed a $10,000

fine.  Appellant brings two issues on appeal complaining of the sufficiency of the evidence and the trial court's order to cumulate sentences.  We affirm.

## I.  BACKGROUND

In 2011, while attending church with her family, T.C.[1] broke down and ran out.  She told family members that her father had been molesting her since she was a little girl.  Several days later, upon learning of the outcry, T.C.'s uncle reported the abuse to the Bellmead Police Department in McLennan County, Texas.[2]  T.C. went to give a statement that day.  T.C. told police that her father had sexually abused her since she was the age of five or six until she was fifteen or sixteen.  At the time of trial, T.C. was twenty-six years of age.

Appellant was charged with aggravated sexual assault and indecency with a child.  As noted above, a jury found appellant guilty on all counts and sentenced him to 99 years' confinement on each of the seven counts of aggravated sexual assault and 20 years on each of the two counts of indecency with a child.  The trial court ordered the sentences assessed for counts three through nine to run consecutively.

## II.  SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant claims insufficiency of the evidence to support his conviction for counts one through five on the grounds the State failed to prove those acts were committed "within the boundaries of the State of Texas."[3]

---

[1] On appeal, we will use only the complainant's initials.

[2] We take judicial notice that Bellmead is a city within the Waco metropolitan area. *See Bell v. State*, 166 Tex. Crim. 340, 345, 313 S.W.2d 606, 609 (Tex. Crim. App. 1958).

[3] The first five counts of the indictment alleged that appellant intentionally or knowingly caused the sexual organ of T.C. to be contacted or penetrated by the sexual organ of the appellant.

When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* We "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). A victim's uncorroborated testimony may support a conviction for sexual assault if, at the time of the alleged offense, the victim was seventeen years of age or younger. *See* Tex. Code Crim. Proc. art. 38.07(a), (b)(1).

Amy Perkins, Executive Director for the Advocacy Center for crime victims and children testified that T.C. sought therapy for sexual abuse in September of 2008. T.C. said that she was sexually assaulted by her father from the time she was age five to sixteen. After her outcry to her family in 2011, her uncle appeared

in person to report the abuse to the Bellmead Police Department. T.C. arrived at the police station to give her statement shortly thereafter. Deputy Anita Davenport interviewed T.C. Lieutenant Davenport testified that she specifically asked T.C. about sexual abuse that had occurred in Bellmead in McLennan County. Haywood Sawyer, an investigator for the Bellmead Police Department, reviewed T.C.'s written statement and was able to determine what crimes occurred, as well as when and where they occurred. Sawyer testified that he was able to establish jurisdiction with the Bellmead Police Department.

Detective Sawyer and Officer Dillard interviewed appellant on July 1, 2011. A recording of the interview was admitted into evidence and played for the jury. Detective Sawyer informed appellant of T.C.'s allegations. Appellant denied the allegations. However, at the close of the interview, appellant agreed with Officer Sawyer that everything T.C. said is true, "but the only reason she's telling it now" was because he was attempting to divorce T.C.'s mother.

T.C. testified she was born in Waco, Texas, and the family moved to Ohio when she was in kindergarten. They moved back to Waco when she was in the fourth grade.

T.C. testified that appellant put his penis in her vagina and that it happened dozens of times. She was five or six the first time it happened. It was "a routine" and "things were always the same." It happened at night and in her bed, in Ohio and in Texas. Appellant would pull her pajama bottoms down or off and pull his pajama pants down and get on top of her. T.C. testified it also happened in his room. Appellant would tell her to come in his room, pull her pants down, pull his pants down, and get on top.

> Q. And did the same part of his body touch the same part of your body?

4

A.    Yes.

It happened more often when they were living in Waco and T.C. had her own room.  According to T.C., it occurred on a regular basis and was "pretty constant" from fourth grade until she was in high school, about age 15 or 16.

Q. That's happening, his penis and your vagina, you're saying he's ejaculating on you?
A. Yes.

T.C. answered, "Yes" when asked if this was all happening in McLennan County.

T.C.'s description of the "routine" sexual abuse was that appellant put his penis in her vagina until he ejaculated.  T.C. then testified that from fourth grade, which is when they moved back to Waco, until high school, that abuse was "pretty constant."  The jury's inference from these basic facts to the ultimate fact that appellant was having vaginal intercourse with  T.C. in Texas from the time T.C. was in fourth grade until T.C. was in high school is not mere theorizing or guessing, but is a conclusion reached by consideration of those facts and deducing a logical consequence from them.  *See Hooper*, 214 S.W.3d at 16.  The necessary inference is reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.  *See Jackson,* 443 U.S. at 318–19.  We conclude a rational trier of fact could have found the essential elements of the offenses in counts one through five beyond a reasonable doubt. Appellant's first issue is overruled.

### III.    PROPRIETY OF CUMULATION ORDER

In his second issue appellant asserts the trial court's order to cumulate the sentences assessed in counts four through nine was improper.  Appellant argues

because the cumulation order was not entered at the time the sentence was orally pronounced, the cumulation order must be stricken.

The State claims appellant failed to preserve error on this issue. "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. *Levy v. State*, 818 S.W.2d 801 (Tex. Crim. App.1991). Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Accordingly, we reject the State's waiver argument and address the merits of appellant's complaint.

The record reflects the trial court pronounced sentence on February 14, 2013, in open court and all parties were present. The hearing was recessed. Later that same day, the hearing continued. The record reflects appellant was present with his attorney, as were the State's attorneys. After considering evidence of financial records, the trial court assessed court costs and court-appointed attorney's fees. Defense counsel then filed a notice of appeal along with his motion to withdraw. Another recess was taken and then the hearing continued, still on that same day. Again, the record reflects all parties were present. At that time, the State requested the sentences for counts three through nine be "stacked," meaning that the sentences for those counts should be cumulated. The trial court then ordered the sentences for counts three through nine to run consecutively. The record reflects, and appellant does not argue otherwise, that the oral pronouncement is not at variance with the written order of cumulation. Appellant asserts the trial court failed to timely cumulate the sentences because he did not orally order consecutive sentences when sentence was first pronounced.

Article 42.09, section 1, of the code of criminal procedure states that "the defendant's sentence begins to run on the day it is pronounced...." Tex. Code Crim.

Proc. Ann. art. 42.09 § 1. In this case, the order of cumulation was given on the same day. We have found no authority, and appellant cites none, prohibiting entry of an order of cumulation following a recess of the sentencing hearing. In this case, the trial court ordered consecutive sentences on the same day sentence was first pronounced and before the trial court adjourned for the day. The record also reflects the order for consecutive sentences was given in the presence of appellant, his attorney, and the State's attorneys. *See State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) (the trial court retains plenary power to re-sentence the defendant on the same day on which he was initially sentenced, so long as the re-sentencing is itself proper). Appellant's second issue is overruled.

<h2 style="text-align:center">IV. CONCLUSION</h2>

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Ken Wise
        Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Publish — Tex. R. App. P. 47.2(b).

7