**REFORM and AFFIRM; and Opinion Filed December 31, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01480-CR

**SAMMIE LEE GARRETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-12-45789-I**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

Appellant Sammie Lee Garrett appeals his jury conviction for evading arrest with a motor vehicle. After finding appellant guilty, the jury assessed appellant's punishment, enhanced by a prior felony conviction, at twenty years' confinement. In two issues, appellant asserts his sentence was illegal because it was based on an unconstitutional amendment to the evading arrest statute changing the offense from a state-jail felony to a third-degree felony. For the following reasons, we affirm the trial court's judgment.

In 2011, the Texas Legislature passed Senate Bill 1416 which amended section 38.04 of the Texas Penal Code making evading arrest a third-degree felony if the defendant used a motor vehicle in flight. *See* Act of May 27, 2011, 82nd Leg., R.S., Ch 920, § 8 (current version at TEX. PEN. CODE ANN. 38.04 (West Supp. 2014)). Prior to that amendment, the offense was a state-jail felony. See Act of May 27, 2009, 81st Leg., R.S., Ch. 1400, § 4. Appellant asserts that SB 1416

violated the "single-subject rule" of the Texas Constitution and, as a consequence, his sentence was outside the range of punishment and therefore illegal.

Appellant did not challenge the constitutionality of the amended statute in the trial proceedings. Appellant asserts he is nevertheless permitted to raise this issue because he may challenge an illegal sentence at any time. *See Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991); *see also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). The State, on the other hand, asserts appellant waived this complaint.

The Court of Criminal Appeals has held that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009.) Here, appellant's argument that his sentence was illegal is premised on his contention that the statute, as amended, was unconstitutional. A statute is presumed to be constitutional until it is determined otherwise. *Id*. Because appellant's sentence was within the range of punishment as provided in the amended statute, and appellant waived his constitutional challenge to the statute, he has not shown his sentence is illegal. *Cf. Karenev*, 281 S.W.3d at 434.

Furthermore, appellant has also failed to show the amendment to the statute was unconstitutional. Appellant's sole basis for asserting his sentence is illegal is that SB 1416 violated Article III, Section 35(a) of the Texas Constitution which prohibits bills from containing more than one subject. After appellant filed his brief, the Court of Criminal Appeals decided this precise issue against appellant, expressly holding that SB 1416 does not unconstitutionally violate the "single-subject rule." *See Ex parte Jones*, 440 S.W.3d 628, 629-30 (Tex. Crim. App. 2014). Consequently, we resolve appellant's issues against him.

In its brief, the State asks we correct an erroneous recitation in the trial court's judgment. Specifically, the judgment recites appellant was convicted of a state-jail felony, but the record

shows he was convicted of a third-degree felony. This Court has the power to modify incorrect judgments when it has the necessary information to do so. *See Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Therefore, we reform the judgment to show appellant was convicted of a third-degree felony.

As reformed, we affirm the trial court's judgment.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

131480F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMMIE LEE GARRETT, Appellant

No. 05-13-01480-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas

Trial Court Cause No. F-12-45789-I.

Opinion delivered by Justice O'Neill.

Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, we **REFORM** the trial court's judgment to reflect appellant was convicted of a third-degree felony.

We **AFFIRM** the trial court's judgment, as reformed.

Judgment entered this 31st day of December, 2014.