# NO. 12-15-00154-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANIEL LEE KNOD,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Daniel Lee Knod appeals his conviction for theft. In two issues, Appellant contends the trial court erred when it denied his requested jury instruction on mistake of fact and when it imposed a void sentence. We reverse as to punishment only and remand for a new punishment hearing.

## BACKGROUND

On December 8, 2014, a rim for an eighteen-wheeler tire was stolen from Hall Buick GMC's location on Highway 31 in Tyler, Texas. The rim was stolen from a fenced area behind the business where recyclables and scrap metal are stored until they are sold for recycling. The area is for employees only, but there are no signs designating it as such.

Jeremiah Meinders, a Hall employee, observed a vehicle in the area when he went to put a box in the recycling bin. The vehicle had three people in it, and they appeared to be in a hurry. When the vehicle pulled away, Meinders noticed an eighteen-wheeler rim in the back. Meinders reported what he saw to his supervisor, who notified the police.

The rim was sold to West Tyler Scrap Metal. Appellant was identified as the seller in the surveillance video of the sale and by the identification he provided to the buyer. Appellant was later apprehended by police and indicted for theft. He pleaded "not guilty," and the case was

tried before a jury. At the charge conference, Appellant requested an instruction on mistake of fact, but the trial court denied the request. The jury found Appellant guilty and sentenced him to eighteen years of imprisonment after the offense level was enhanced to a second degree felony. This appeal followed.

<u>**CHARGE ERROR**</u>

In his first issue, Appellant asserts the trial court erred when it refused his requested jury instruction on mistake of fact.

<u>**Standard of Review**</u>

The review of an alleged jury-charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731-32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This standard requires proof of no more than some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information reveal by the record of the trial as a whole." *Id.* In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Id.*

<u>**Governing Law**</u>

A person commits the offense of theft when that person unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp.

2015).  That appropriation is unlawful if, among other things, it is without the owner's effective consent.  *Id*. § 31.03(b).

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.  *Id*. § 8.02(a) (West 2011).  A "reasonable belief" is a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.  *Id*. § 1.07(42) (West Supp. 2015).  An accused need not admit the charged offense to be entitled to a defensive instruction on mistake of fact.  *Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990).  Further, it is not necessary for a defendant to testify to raise the issue of mistake of fact.  *Williams v. State*, 796 s.W.2d 793, 800 (Tex. App.—San Antonio 1990, no pet.).

An accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense.  *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  This rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence.  *Sands v. State*, 64 S.W.3d 488, 494 (Tex. App.—Tyler 2001, no pet.).

## Analysis

Appellant contends he was entitled to a mistake of fact instruction because there was evidence that he did not intend to deprive the owner of the property.  *See* TEX. PENAL CODE ANN. § 31.03.  He argues that he did not intend to deprive the owner because the property was abandoned and abandoned property cannot be stolen.  *See Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.).  To support his argument, Appellant relies on testimony that the rim was in an area behind the business next to multiple dumpsters and that sometimes the dumpsters have trash around them.  The testimony also showed that the area did not contain signs designating the materials as being held for recycling.

Appellant argued in his closing that his demeanor both during the taking and at the sale showed that he reasonably believed he was not committing a crime.  However, he presented no evidence supporting this contention.  Because there is no evidence to raise the element of reasonable belief, the trial court did not err in refusing the requested instruction.  *See Williams*, 796 S.W.2d at 800.

3

Moreover, it is uncontested on appeal that Appellant went onto Hall's property and into the fenced area without permission from the owner. Therefore, even if the tire rim had been abandoned, Appellant would not have been lawfully entitled to take possession of it. *See Ingram*, 261 S.W.3d at 754. Instead, the owner of the business possessed a greater right to the tire rim. *See id.* As a result, even if Appellant believed the tire rim to be abandoned, his mistake was a mistake of law, not a mistake of fact. *See id.* Appellant intended to take the tire rim for himself from the real property of another. At most, he has shown only that he did not know this was illegal. *See id.* Thus, he was not entitled to a mistake of fact instruction. Appellant's first issue is overruled.

## SENTENCE

In his second issue, Appellant argues the sentence imposed exceeds the maximum permissible sentence and is void. The State agrees.

### Standard of Review

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore void. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *Id.* The allegation that a sentence is void may be raised at any time, including for the first time on appeal. *Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991).

### Analysis

According to the indictment in this case, Appellant was charged with theft of property valued at less than $1,500 and had two previous theft convictions. Thus, the offense level was enhanced to a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (theft is state jail felony where property value is less than $2,500 and defendant was previously convicted of theft two or more times).

During the punishment phase of the trial, the State alleged Appellant had two prior felony convictions: one for theft and one for retaliation. Both judgments of conviction were introduced into evidence and proven to be true. Therefore, Appellant's punishment range was enhanced to that of a second degree felony, and he was sentenced to eighteen years of imprisonment. *See* TEX. PENAL CODE ANN. § 12.452(b) (West 2015). But under Section 31.03(e)(4)(D), a

defendant's history of theft convictions, regardless of their number or degree, cannot elevate a subsequent theft of property worth less than $1,500 beyond the status of a state jail felony. ***Brown v. State***, 14 S.W.3d 832, 832-33 (Tex. App.—Austin 2000, pet. ref'd).

The previous felony conviction for theft alleged by the State to enhance Appellant's punishment range should not have been used for that purpose. *See **Freeman v. State***, 970 S.W.2d 55, 59-60 (Tex. App.—Tyler 1998, no pet.). When the prior theft is removed from consideration, the State alleged and proved one prior felony conviction for retaliation. A conviction for a state jail felony cannot have its punishment range enhanced on the basis of a single prior felony conviction absent special circumstances. *See* TEX. PENAL CODE ANN. § 12.425(c). Those special circumstances are not present here. Therefore, the applicable punishment range in this case was that of a state jail felony. ***Id.*** § 31.03(e)(4)(D). Because the sentence imposed is well outside of the applicable range, the sentence is void. *See* TEX. PENAL CODE ANN. § 12.35 (West Supp. 2015) (punishment range for state jail felony is 180 days to two years); ***Levy***, 818 S.W.2d at 802. Appellant's second issue is sustained.

## DISPOSITION

Having overruled Appellant's first issue and sustained his second issue, we ***affirm*** the conviction but ***reverse*** the portion of the judgment imposing sentence and ***remand*** the cause to the trial court for a new punishment hearing. *See* TEX. CODE. CRIM. PROC. ANN. art 44.29(b) (West Supp. 2015); ***Baker v. State***, 278 S.W.3d 923, 926 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding that appellate court lacks authority to correct sentence that is outside statutory punishment range).

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00154-CR**

**DANIEL LEE KNOD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0010-15)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below insofar as the sentence it imposed is well outside the applicable range, in all other respects the judgment of the trial court is **affirmed**.

It is ORDERED, ADJUDGED and DECREED by this court that the judgment of the court below wherein the trial court imposed a sentence that is outside the applicable range, is **reversed,** and the cause is **remanded** to the trial court for a **new punishment hearing,** in accordance with the opinion of this court. In all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*