

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1137-15

**SIR MELVIN WRIGHT, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.

### CONCURRING OPINION

This Court's analysis is strange. The Court chooses to apply habeas law rather than applying the law for direct appeals, even though this is a direct appeal and that law clearly resolves this issue. Because the law governing direct appeals easily shows that this is not an illegal sentence, as contended by Sir Melvin Wright, Jr., appellant, I would affirm the judgment of the court of appeals upholding appellant's conviction and sentence. I, however, do not join this Court's majority opinion because it imports an inapplicable post-conviction habeas standard into its analysis of this direct appeal. I, therefore, concur only in the Court's

judgment.

This Court has held that the remedy for a case in which a defendant has been sentenced outside of the proper punishment range is to remand the case for resentencing. *Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991). In *Levy*, this Court said, "[W]hen an appellate court finds error at the punishment stage of the trial, the case may be remanded to the trial court for the proper assessment of punishment." *Id*. "In cases where a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain agreement with the State and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case to the trial court for the proper assessment of punishment." *Id*. A complaint about a sentence outside the proper punishment range or an illegal sentence may be raised for the first time on appeal, as here, or in a post-conviction habeas application. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

In this case, aside from the absence of an enhancement paragraph in the indictment, everything else in the record definitively shows that the State intended to charge appellant with third-degree failure to register as a sex offender and that appellant understood that he would be punished within that range. Even the indictment's caption identifying the offense as "FAIL REG SEX OFFEND ENH F3" showed that appellant was charged with failure to register as a sex offender, enhanced to a third-degree felony due to his prior conviction. Appellant judicially confessed to that offense, he was admonished for that offense, and his

judgment reflects that offense. During the plea hearing, the trial judge admonished appellant that he was "charged with a failure to register as a sex offender . . . a third degree felony [that] carries a punishment range of two to ten years in the penitentiary and [an] optional fine not to exceed $10,000." At the time of his guilty plea, the parties discussed the fact that appellant had another conviction, and appellant acknowledged the proof establishing that offense. His appellate complaint is really not that his sentence was illegal because it was outside the applicable range of punishment; instead, he is really complaining that the indictment failed to more properly plead an enhancement paragraph. But those types of complaints are different from illegal-sentence complaints, particularly because the law does not require that an enhancement be pleaded in an indictment. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). Under a traditional analysis for direct appeals, the evidence shows that appellant's sentence was not illegal, and I would accordingly uphold appellant's conviction and sentence on that basis.

This Court and the court of appeals, however, take a twisted approach to this case. Instead of examining the actual record to determine whether the sentence is illegal on direct appeal, this Court and the court of appeals have applied habeas corpus law to hold that appellant's sentence is not illegal because he has failed to show that any unproven prior conviction could not be used to enhance this sentence, as this Court had previously held in resolving post-conviction habeas applications asserting illegal sentences. In his appellate

brief before this Court, appellant challenges the court of appeals's analysis by asserting that it is erroneous to import habeas law into a direct appeal because of the procedural differences between those procedures. I agree with appellant's assertion as to this matter.

Post-conviction habeas law makes it more difficult for a defendant to prevail in a claim that his sentence is illegal because that type of proceeding places a burden on him to provide extra-record evidence that shows that his sentence was actually illegal, in that there are no prior convictions that would permit him to be sentenced within a particular punishment range. In that type of proceeding, a defendant may not rely solely on the direct-appeal record as proof that there are no other convictions that would support the punishment range within which he was sentenced.

In *Ex parte Parrott*, this Court held that, in order to receive habeas relief due to an illegal sentence, an applicant must show both a cognizable irregularity and harm. *Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex. Crim. App. 2013). Importantly, this Court explained that, in a habeas case in which it is alleged that a sentence is illegal due to an impermissible enhancement, an applicant is required to prove harm by providing extra-record evidence showing that his sentence was actually illegal, in that there were no other convictions to support the punishment range. *Id*. This Court noted that, in a habeas case, "the habeas judge, and ultimately this Court, [has] an opportunity to evaluate that evidence" to determine whether a sentence actually was illegal. *See id*. at 535.

In contrast to the habeas requirement of extra-record proof to demonstrate that a

sentence is illegal, in direct appeals, a defendant has a burden to show that the sentence is illegal based on the proceedings that occurred on the record that was before the trial court. Here, appellant has failed to show that, on the record that was before the trial court, his sentence was illegal. I disagree with this Court and the court of appeals that the law applicable to habeas proceedings should be applied to direct appeals merely because they both address illegal-sentence complaints. There are too many procedural differences between those proceedings to transplant inapplicable habeas principles into an analysis of a sentencing complaint raised on direct appeal. I, therefore, concur only in this Court's judgment.

Filed: October 5, 2016
Publish