

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00079-CR

Antonio Lee **GREY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR0075
Honorable Benjamin Robertson, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: April 15, 2026

AFFIRMED IN PART; REVERSED IN PART

On June 14, 2021, after pleading nolo contendere to having committed attempted assault of a family/household member with a previous conviction, Antonio Lee Grey was placed on deferred adjudication community supervision for a period of four years. On August 27, 2024, the State filed a motion to enter adjudication of guilt and revoke community supervision. At the revocation hearing, Grey pled true to having violated a condition of his community supervision.

On January 28, 2025, the trial court granted the State's motion to revoke, adjudicated Grey guilty, and sentenced Grey to four years of imprisonment. Grey appealed.

In his brief, Grey argues that his sentence is illegal because it is outside the maximum punishment range for a state jail felony. Thus, Grey prays that we reverse his sentence and remand for re-sentencing within the statutory range for the offense of attempted assault of a family/household member with a previous conviction. In its brief, the State concedes that Grey's sentence is illegal. The State explains that while, traditionally, assault of a family/household member with a previous conviction is a third-degree felony, *attempted* assault of a family/household member with a previous conviction is a state jail felony, which has a maximum punishment of two years' confinement. *See* TEX. PENAL CODE § 15.01(d) (providing that an offense alleging criminal attempt is "one category lower than the offense attempted"); *id*. § 22.01(b)(2)(A) (providing that assault of a family/household member with a previous conviction is a felony of the third degree); *see also id*. § 12.35 (a) (providing for range of punishment for state jail felony to be "confinement in a state jail for any term of not more than two years or less than 180 days"). Thus, the State agrees this cause should be remanded for a new punishment hearing.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "When an appellate court finds error at the punishment stage of the trial, the case may be remanded to the trial court for the proper assessment of punishment." *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006) (citing *Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991)). "In cases in which a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the finding of guilt to remain and to remand the case for a new punishment hearing." *Id*. (citing

*Levy*, 818 S.W.2d at 803); *see also Adair v. State*, 673 S.W.3d 348, 350 (Tex. App.—Corpus Christi-Edinburg 2023, no pet.) (holding that appellant's sentence was illegal because it was outside the range of punishment, and remanding the cause for a new punishment hearing within the statutory range). We conclude Grey's sentence is illegal because it exceeds the statutory range for a state jail felony. We therefore reverse the trial court's judgment imposing punishment and remand the cause for a new punishment hearing. In all other respects, we affirm the judgment of the trial court.

Adrian A. Spears II, Justice

DO NOT PUBLISH